## Ross vs. Mather.

In an action, not for deceit in the sale of a horse, but for what was formerly called a false warranty, it is unnecessary to prove the *scienter* on the part of the seller.  Proof of the warranty is sufficient.

Such an action sounding in contract, and not in tort, whether the defendant knew that the warranty was false, at the time of making it, is of no importance.

Where the jury, in such an action, rendered a sealed verdict, by which they found that the horse sold to the plaintiff was lame ; that there was a warranty on the sale ; and that the plaintiff was entitled to the.sum of $95 as damages, *Held* that this was in substance a general verdict for the plaintiff, and was properly received and entered as such by the court.

THE complaint in this action alleged fraud and deceit in the sale of a horse by the defendant to the plaintiff. That the plaintiff made representations which he knew to be false, and that the "defendant, by means of the premises, falsely and fraudulently deceived him, (the plaintiff,) on the sale of said horse as aforesaid,· to the damage of the plaintiff of five hundred dollars," for which judgment was demanded. The answer admits the sale, but denies the allegations of fraud and deceit.   The action was tried February 14, 1866, at a circuit court held in Rochester, E. DARWIN SMITH, Justice, presiding.

The plaintiff's counsel, in his opening. of the case, stated and claimed that they expected to prove that the defendant, at the time of the sale of the horse, warranted that said horse was lame in his left hind foot, and was not lame else-where ; and that he did not expect to prove that the defendant made any false or fraudulent representations as to the lameness, or condition, or qualities of said. horse, or that the defendant intended to deceive, or did knowingly or fraudulently deceive the plaintiff upon the sale of said horse, but should only claim to recover damages for breach of contract of warranty made by the defendant on the sale of said horse. The defendant moved the court to nonsuit the plaintiff upon his said opening, upon the ground that the cause of action, stated in the complaint, was for fraud and deceit in the sale

Ross *v.* Mather.

of said horse, and not for breach of contract of warranty. Which motion and request the court denied, and held and decided that the plaintiff could recover in this action upon breach of contract of warranty, without showing any fraud or fraudulent representations, or deceit on the part of the defendant at the time of the sale of said horse; to which the defendant excepted. The plaintiff was sworn as a witness in his own behalf, and testified that at the time of the sale of said horse, the horse was lame, and that his lameness was apparent, and that the defendant warranted that said horse was lame in his left hind foot, and nowhere else. The plaintiff also called several other witnesses, whose testimony tended to show that said horse was lame elsewhere than in the left hind foot, and was not lame in said foot, but was lame in the gambril joint of the left hind leg, and that he was lame in the left hind leg, above the foot, at the time of the sale to the plaintiff. The testimony of the plaintiff's witnesses also tended to show that the defendant, at the time of the sale, warranted that said horse was lame in his left hind foot, and nowhere else. No proof was introduced, or testimony given on said trial, tending or seeking to establish a right of action, on the ground that the defendant, at the time of said sale, knew that such horse was lame elsewhere than in his left hind foot, nor that the defendant knowingly made any false representations in relation to the horse, or his lameness, or the location of his lameness, or that the defendant was guilty of any fraud in the sale of said horse, or deceived or intended to deceive the plaintiff at the time of said sale.

The plaintiff then rested, and the defendant moved and requested said court to nonsuit the plaintiff, on the grounds:

1st. That said plaintiff had failed to make out and prove the cause of action stated in the complaint.

2d. That the plaintiff had failed to prove that the defendant was guilty of any fraud or deceit on the sale of said horse, or that said defendant knew at the time of said sale

that the horse was lame otherwise than as represented by him, or elsewhere than in his left hind foot.

3d. That there was no proof that the defendant deceived or intended to deceive the plaintiff on the sale of said horse.

Which motion and request was denied by the court, and the defendant excepted. The defendant then called several witnesses, who were sworn and testified as to the condition of said horse, and their testimony tended to show that said horse was, at the time of said sale, lame in the left hind foot, and nowhere else, and also that the defendant did not, at the time of said sale, warrant said horse in any respect whatever. The evidence being closed, the defendant, by his counsel, requested the court to direct a verdict for the defendant upon the same grounds upon which the motion for a nonsuit was made. The court refused to direct a verdict as requested, to which refusal the defendant excepted.

The jury returned a sealed verdict, in writing, in the words and figures following, viz :

"1st. That the gray horse sold to the plaintiff by the defendant was lame in his left hind leg, otherwise than in his foot.

2d. That there was a warranty on the part of the defendant on the sale of said horse to the plaintiff.

3d. That the plaintiff is entitled to the sum of $95 as damages on the above sale."

The counsel on both sides objected to the form of the verdict, and the defendant, by his counsel, excepted to said verdict, on the ground that the facts found by the jury did not entitle the plaintiff to recover any thing of the defendant. The court said that the verdict might be received as a general verdict for the plaintiff for $95, if the jury agreed thereto ; and the clerk, under direction of the court, then asked the jury if they agreed thereto, and they replied they did ; and thereupon they were polled in the usual form by the clerk, at the request of the defendant's counsel, and asked if that was

Ross *v.* Mather.

their verdict, and they severally answered it was. The court then directed the clerk to enter it as a general verdict for the plaintiff for $95, which was done by the clerk.

The defendant, upon a case and exceptions, moved for a new trial.

*E. A. Raymond,* for the plaintiff.

*Murray & Greene,* for the defendant.

*By the Court,* JOHNSON, J.   The action was tried as one sounding in contract, and not in tort, the plaintiff giving no evidence whatever of any knowledge on the part of the defendant, of the cause of the defects complained of in the animal purchased.   The defendant's counsel raised the question, by motion for a nonsuit, and in various other ways, whether the plaintiff could maintain the action under the pleadings, without giving some evidence to show the defendant's knowledge of the defect, or of the cause of it.   The court held that it was unnecessary for the plaintiff to make proof of the *scienter,* but that proof of the warranty was sufficient.   In this the court was clearly right.   The action was not for the deceit in the sale, as appears by the complaint, but was for what is called in the old books of forms, a complaint for a *false warranty* of a horse.   (*See form,* 2 *Chit. Pl.* 679—*6th Am. from 5th Lond. ed.*)   It is sometimes called a special warranty.   It was a form of pleading quite familiar to lawyers before the adoption of the Code. The rule was well settled that in such a case it was wholly unnecessary to prove the *scienter* on the part of the seller. (*Williamson* v. *Allison,* 2 *East,* 446.)

All the allegations of fraud might be stricken out without affecting the cause of action alleged in the complaint.   The contract is clearly counted upon, and whether the defendant knew that the warranty was false at the time of making it, was of no importance.

The form in which the jury rendered their verdict was no error which can be made available on this motion. It was in substance a general verdict for the plaintiff, and was properly received and entered as such by the court. A new trial must, therefore, be denied.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson*, Justices.]