## SUPREME COURT.

DANIEL MOORE, respondent, agt. WILLIAM NOBLE, appellant.

In an action for a *deceit* in the sale of a horse, where the fraud is the gist of the action, if there is no evidence of a *scienter*, the action cannot be sustained. And it has been held that an averment that the defendant "falsely and frauduently represented," &c., is a sufficient statement of the *scienter*.

It is otherwise in an action for a *breach of warranty* of a horse; there it is unnecessary to allege a *scienter*; as upon the representation of a warranty the party is bound to accountability for an unsoundness, whether he knew it or not.

The rule in a *justice's court* is the same as in all other courts, that if a material part of the plaintiff's case is wholly unsupported by evidence, a judgment in his favor will be reversed on appeal, whether the trial be with or without a jury.

The complaint in this case decided to be one for deceit in the sale of a horse, instead of one for breach of warranty of the soundness of the horse, as claimed by the plaintiff.

*Fifth District, General Term, April, 1867.*

*Before* MORGAN, BACON, MULLIN *and* FOSTER, *Justices.*

THIS action was brought to recover damages for a breach of warranty in the sale of a horse. It was commenced and tried at Watertown, November 2, 1867, before Thomas Baker, Esq., a justice of the peace, and a jury. The plaintiff had a verdict of $30, and judgment was docketed on that day for $30 damages and $5 costs: from this judgment the defendant appealed to the County Court of Jefferson County, which court having affirmed the judgment of the court below, the defendant appealed to this court.

The complaint was as follows:

"That on, or about, the month of March, 1865, the said plaintiff at the town of Hounsfield, purchased a certain horse of the defendant for and at the agreed price of $120, and paid the said defendant said sum; that said defendant, to induce the plaintiff to purchase the said horse, falsely and fraudulently represented the said horse worth and of the value of $120; and guaranteed the said horse to be sound in all respects and wholly free from disease.

That the said horse was not sound or free from disease, as represented by the defendant, nor was he worth or of the value of $120, but the said horse was unsound and diseased in this, to wit: the said horse was diseased in the shoulder, and had a disease of the shoulder called *Swenie* which said disease, was well known to the defendant at the time of the sale of the said horse to the plaintiff."

" Wherefore, &c."

The answer was a general denial. The plaintiff claimed that this complaint sets forth a cause of action for breach of warranty, and that it was unnecessary to prove the allegations of deceit, and no *scienter* was proved on the trial.

REYNOLDS & O'BRIEN, *for appellant.*

I. There can be no doubt that this action is to recover damages for fraud. The complaint is as perfect a one for fraud as could well be drawn.

The defendant is liable to be imprisoned on the judgment appealed from. (*Cowen's Treaties*, 4 *Ed.*, § 1567, § 972; *Thomas agt. Beebe*, 25 *N. Y. R.*, 244; 3 *Abbott's Digest*, 50; *Nivin agt. Nivin*, 29 *How.*, 6.)

II. The action then being for fraud, the plaintiff could not recover without proving:

1. That the defendant made material representations in relation to the condition of the horse at the time of the sale.

2. That the representations were relied upon by the plaintiff, and induced him to make the purchase.

3. That the defendant at the time of the sale, knew these representations to be false.

III. There is no proof of fraud in this case. There is no proof that the defendant had any knowledge of the alleged defect at the time of the sale.

Fraud is never presumed or inferred from doubtful testimony. The party alleging it must prove it clearly and conclusively, or fail in his action. The presumption is always

in favor of good faith, honesty and fair dealing, and a party claiming to be deceived, is held to the strictest and clearest proof. (*Lewis* agt. *Palmer, Hill and Denio, sup.*, 68; *Fleming* agt. *Slocum,* 18 *Johnson,* 403; *Bank Silver Creek* agt. *Talcott,* 22 *Barb.,* 550; *Henry* agt. *Henry,* 8 *Barb.,* 580; *Waterbury* agt. *Sturtevant,* 18 *Wend.,* 353; *Nicholas* agt. *Pinner,* 18 *N. Y.,* 295; *Griffin* agt. *Cranston,* 1 *Bosw.,* 281.)

MOORE & McCARTIN, *for respondent.*

I. The complaint sets forth a cause of action for breach of warranty. It was unnecessary on the trial to prove the allegations of deceit; proof of the contract of warranty and breach was sufficient so sustain the action. (1 *Cow. Treaties,* 328, 2 *ed.*)

In *Gresham* agt. *Postom* (2 *Car. and Payne,* 541), it was held: "In an action on the case for a breach of an express warranty, that a horse was quiet; if the declaration allege that the defendant *well knew* him to be unquiet, this is an unnecessary averment and need not be proved." (*Williamson* agt. *Allison,* 2 *East,* 446; *Dowding* agt. *Mortimer,* 2 *East,* 450, *note*; *Fowler* agt. *Abrams,* 3 *E. D. Smith,* 1; 1 *Wait's Law and Pr.,* 678–3.)

II. The defendant was bound to know whereof he affirmed. He represented the horse to be sound and free from disease, whereas, at the time, he was unsound. The allegations were material, and induced the purchase; and if made *without* knowledge of their truth or falsity, though in good faith, the defendant was guilty of a fraud, as much as though he *knew* the representations to be untrue. (*Bennett* agt. *Judsou,* 21 *N. Y.,* 238; *Craig* agt. *Ward,* 36 *Barb.,* 378.)

BACON, J. If the action in this case had been simply for a breach of warranty, it is possible the judgment might be upheld, although the evidence is far from being very satis factory, either that an unsoundness existed at the time of the

sale of the mare, or that the plaintiff relied upon and bought upon the faith of the alleged representations of the defendant. And in this respect it would be immaterial whether the defendant did or did not know of the unsoundness prior to the sale, because upon an absolute warranty it is unnecessary to allege a *scienter*, and upon such a representation a party is bound to accountability for an unsoundness, whether he knew it or not. (*Case* agt. *Boughton*, 11 *Wend.*, 106.)

But in an action for a deceit in a sale, where the fraud is the gist of the action, the rule is otherwise. In such a case, if there is no evidence of a *scienter*, the action cannot be sustained. It may not be necessary in all cases to aver knowledge on the part of the defendant of the falsity of the representations, and in the case of *Thomas* agt. *Beebe* (25 *N. Y.*, 244), it is held that an averment that the defendant "*falsely* and *fraudulently represented*," is a sufficient statement of the *scienter*. That the complaint in this case is for deceit in the sale, wilfully and knowingly perpetrated by the defendant, is manifest. To give it any other construction would be to violate all the rules of language and of pleading. It avers that to induce the plaintiff to purchase, the defendant falsely and fraudulently represented the horse to be worth $120, and guaranteed him to be sound in all respects and free from disease; that he was not sound, and not worth $120, but was unsound and had a disease well known to the defendant at the time of the sale. These are substantive averments on which the action is founded, and it was necessary to prove them; and the rule in a justice's court is the same as in all other courts, that if a material part of plaintiff's case is wholly unsupported by evidence a judgment in his favor will be reversed on appeal whether the trial is with or without a jury. (*Tifft* agt. *Tifft*, 4 *Den.*, 175.)

In this case there was an utter failure by the plaintiff to prove that the defendant had any knowledge of the alleged unsoundness, and the defendant expressly negatived any such knowledge. Without this proof the plaintiff was not entit-

led to recover in the form of action he elected to bring and the judgment should have been reversed.

Judgment reversed accordingly.

MULLIN, J., dissenting, wrote an opinion for affirmance, maintaining the doctrine laid down in *Bennett* agt. *Judson, 21 N. Y., and Craig* agt. *Ward, 36 Barb.)*