# SUPREME COURT.

THOMAS MARSHALL, appellant, agt. JOSEPH W. GRAY, respondent.

In an action in a justice's court for *fraud and deceit* in the sale of a horse, where there is a general denial, the plaintiff cannot sustain his action unless he can prove a *scienter*.

The difference between *warranty and fraud* on the sale of property is, that on a warranty the seller is bound to accountability to the extent of the warranty, whether he *knew the fact or not*. On a question of fraud the representations of the seller must not only be false, but false *to his actual knowledge*.

*Fourth District, General Term, April,* 1870.

*Before* POTTER, ROSEKRANS, BOCKES & JAMES, *Justices.*

THIS action originated in justice's court. The plaintiff's complaint was in fraud alleged to have been committed on the sale of a mare. The plaintiff averred the making of false and fraudulent representations by the defendant, with intent to deceive, and with such knowledge on his part of their falsity.

The answer was a general denial, judgment of non-suit was given by the justice on the ground that the plaintiff failed to make out a cause of action having shown no *scienter*. On appeal to the county court of Montgomery county, the judgment was affirmed, thereupon, the plaintiff appealed to this court.

WAGNER & LEWIS, *for plaintiff.*
J. D. WENDELL, *for defendant.*

I. That the complaint in this case is for deceit in the sale,

Marshall agt. Gray.

wilifully and knowingly perpetrated by the defendant, no one can doubt.

It avers that the defendant did wrongfully, falsely and fraudulently, and with intent to deceive the plaintiff, represent said mare to be ten or twelve years old, which representation induced the plaintiff to purchase said mare, when in truth and in fact, said mare was at the time, more than twenty-five years old, which fact defendant well knew.

The affidavit of the plaintiff made, and which was used to obtain the warrant in this case, contains averments of deceit, full as strong as those in the complaint.

(*a.*) If the plaintiff had obtained a judgment, the defendant would be liable to imprisonment. (*Cowens' Treaties*, 4 *Ed.*, §§ 15, 67; *Thomas* agt. *Beebe*, 25 *N. Y. R.*, 244; 3 *Abb. Digest*, 50; *Niven* agt. *Niven*, 29 *How.*, 6).

II. The action being then for a deceit in the sale in which fraud is the gist of the action, the plaintiff cannot recover without proving a *scienter*. (1 *Wait's Law & Pr.*, 862; *Carley* agt. *Wilkins*, 6 *Barb.*, 557; *Moore* agt. *Noble*, 36 *How.*, 385).

III. There is no proof of fraud in the case. There is no proof that defendant had any knowledge that the horse was over ten or twelve years old.

The defendant is presumed to have dealt in all fairness with the plaintiff, and he cannot be made liable without the strictest and clearest proof. (*Ward* agt. *Center*, 3 *John.*, 281; *Fleming* agt. *Slocum*, 18 *John.*, 403; *Henry* agt. *Henry*, 8 *Barb.*, 588; *Waterbury* agt. *Sturtevant*, 18 *Wend.*, 353; *Nicholas* agt. *Pinner*, 18 *N. Y. R.*, 295).

The judgment should be affirmed.

*By the court*, BOCKES, J.—The action was unmistakably in fraud. The complaint charged as the gist of the action, false and fraudulent representations, made with intent to deceive; and averred guilty knowledge on the part of the

defendant. There was no evidence whatever, of such guilty knowledge; and the question here is simply, whether this was necessary to be proved, in order to establish a cause of action in fraud.

It seems to me the question is not an open one. The rule has been settled almost from time immemorial that when a person on a sale or exchange, warrants property in any particular, he is bound to accountability to the extent of the warranty, whether he knew the fact or not. Not so however, if a claim for fraud be made. Then the representations must not only be false, but false to the knowledge of the party making it. (53 *Barb.*, 425; 6 *Barb.*, 557–563; 11 *Wend.*, 108; 8 *Exch.*, 731–5; 2 *Barb.*, 820; 14 *Mees. & Wels.*, 651; 1 *Barb.*, 606, 607; 7 *Bing.*, 103; 6 *Bing.*, 396; 18 *Pick.*, 95–109, 6 *Ves.*, 173; *Story's Eqt.*, sec 191–192–193). It is supposed that the case of *Bennett* agt. *Judson*, (21 *N. Y.*, 238,) and that of *Craig* agt. *Ward*, (36 *Barb.*, 377;) have established a different rule, but an analysis of that case will show this to be a mistake. These cases proceed on the ground, that a fraudulent design must be averred and proved to establish a right of action for deceit. In *Bennett* agt. *Judson*, fraudulent intent was shown to exist. Judge COMSTOCK says: "These statements were so minutely descriptive of the land, that on their face they clearly *imported a knowledge of the facts on the part of the person making them.*" The remarks of JOHNSON, J., in *Craig* agt. *Ward*, were based on the decision in *Bennett* agt. *Judson*. All the cases make the distinction between fraudulent representations, and those which are merely false. While the former give the right of action for deceit, the latter do not. If a person with intent to deceive and defraud, assert a fact as existing of his own knowledge, when he has no knowledge on the subject, he is liable to the party injured by the falsehood. In that case, there is guilty knowledge, for he claims to know, and asserts what he does not know.

Marshall agt. Gray.

The distinguishing feature between warranty and fraud is in general, guilty knowledge of the falsity of the representations on the part of the party making it. Let this distinction be obliterated, and every breach of warranty becomes a fraud, when the warranty consists in mere representations or assertions of fact. Fraud implies deceit or artifice. This cannot be predicated upon the mere assertion of that which is untrue with no intent to deceive or knowledge of its falsity. In the case at bar, there was no evidence of guilty knowledge on the part of the defendant—no evidence of fraudulent intent. The non-suit, therefore, was properly granted. Nor was there any evidence on this point excluded to plaintiff's injury.

The judgment of the county court should be affirmed with costs.