Andrew J. Ross, Respondent, *v.* Francis C. Mather, Appellant.

In an action where fraud is the basis of the complaint a recovery cannot be had for a breach of contract.

Plaintiff's complaint alleged in substance that defendant having offered to sell him a horse which was lame, warranted and falsely represented that the lameness was in the foot only, resulting from an injury while in pasture, and was of a temporary character; that relying upon said warranty and representations, he purchased; that the horse was in fact lame from a diseased gambrel joint, which defendant well knew. Plaintiff proved a warranty and breach thereof, but gave no evidence tending to show fraud. *Held* (Lott, Ch. C., dissenting), that the gravamen of the action was fraud, not a breach of warranty, and plaintiff could not recover upon proof of the latter only. *Williamson* v. *Allison* (2 East, 446), disapproved.

(Argued May 10, 1872; decided September term, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the seventh judicial district, in favor of plaintiff, entered upon an order denying motion for a new trial, and directing judgment upon verdict. (Reported below, 47 Barb., 582.)

The action was brought to recover damages upon sale of a horse.

The summons in this case stated that the plaintiff would apply to the court for the relief demanded in the complaint.

The complaint alleged in substance the sale of a horse by the defendant to the plaintiff, which was lame in one hind leg; that on the sale the defendant warranted, and falsely and fraudulently represented, that the lameness resulted from an injury to his foot; that it was in his foot, and nowhere else; when his foot grew out that he would be well, and that he had only been lame for two weeks; that the plaintiff, relying upon this warranty and representations, and believing them to be true, purchased and paid for the horse. It was further alleged that at the time of this warranty, and false and fraudulent representations, the horse was not lame in his

foot, but in his gambrel joint, which had been for more than two weeks badly diseased, and from which his lameness originated, which the plaintiff, at the time of the sale and of making such warranty and representations, well knew; that the horse was of little value; and that by means of the premises the defendant falsely and fraudulently deceived him in the sale of the horse to the damage of $500; and he demanded judgment for $500 and costs.

The answer admitted the sale of the horse and the payment of the price, and denied all the other allegations of the complaint.

On the trial the plaintiff stated that he expected to prove a warranty only; that he did not expect to prove any false or fraudulent representations, or that the defendant intended to deceive or did knowingly or fraudulently deceive the plaintiff, and that he should only claim to recover damages for a breach of the contract of warranty.

The defendant then moved that the plaintiff be nonsuited, on the ground that the cause of action stated in the complaint is for fraud and deceit, and not for breach of a contract of warranty. The judge denied this motion and the defendant excepted. A cause of action upon a warranty was then proven, but no evidence was given tending to prove fraud or any intention to deceive. The defendant then renewed his motion for a nonsuit upon the grounds before stated, which was denied, and he excepted. Exceptions were ordered to be heard at first instance at General Term.

*Murray & Greene* for the appellant. This action being for deceit in the sale, and not on a contract, fraud, is the gravamen of the action, and must be proved. (*Meyer* v. *Amidon,* 45 N. Y., 169; *Oberlander* v. *Speiss,* id., 175; *Marsh* v. *Falker,* 40 id., 562; *Marshall* v. *Gray,* 57 Barb., 414; *Moore* v. *Noble,* 53 id., 425; *Weed* v. *Case,* 55 id., 534; *Chitty's Pleadings,* 679; *Gutchers* v. *Whiting,* 46 Barb., 139; Code, §§ 140, 141, 167, 171, 179, sub. 4, 288; *Edic* v. *Crim,* 10 Barb., 445; *Chambers* v. *Lewis,* 11 Abb., 210; *Piser* v.

*Stearns,* 1 Hilt., 86; *McGovern* v. *Payne,* 32 Barb., 83; *Patterson* v. *Patterson,* 1 Abb. Pr. [N. S.], 262; *Walter* v. *Bennett,* 16 N. Y., 250; *Belknap* v. *Seeley,* 14 id., 147.)

*E. A. Raymond* for the respondent. This action is abundantly sustained as an action founded upon an express warranty. (*Weall* v. *King,* 12 East, 452; *Jones* v. *Bright,* 2 Bing., 533; *Fowler* v. *Abrams,* 3 E. D. Smith, 1.) The allegations of fraud are surplusage and need not to have been proved. (*Williamson* v. *Allison,* 2 East, 446; *Defrieze* v. *Trumper,* 1 J. R., 274; *Bartholomew* v. *Bushnell,* 30 Conn., 271; *Case* v. *Boughton,* 11 Wend., 106; *Holman* v. *Dord,* 12 Barb., 336; *Byxbie* v. *Wood,* 24 N. Y., 607; *Brady* v. *Bissell,* 1 Abb. Pr., 76; *Roth* v. *Palmer,* 27 Barb., 652.) The complaint may be amended now to sustain the judgment if necessary. (*Harrower* v. *Heath,* 19 Barb., 331; *Clark* v. *Dales,* 20 id., 67; *Bennett* v. *Judson,* 21 N. Y., 240; *Lounsbury* v. *Purdy,* 18 id., 515.)

Hunt, C. The complaint contains all the elements of a complaint for a fraud. It must be held to be such unless the distinction between the two forms of action is at an end. While it contains all that is necessary to authorize a recovery upon a contract, it contains much more. These additional allegations are so important and are stated in a manner so logical and orderly, that they determine the character of the action. In addition to what is necessary to sustain an action upon contract, the complaint alleges: 1. That the defendant "fraudulently represented" that the lameness arose from an injury to his foot, and was temporary only. 2. That the plaintiff relied upon the warranty not only, but upon said representations, and believing them to be true, made the purchase. 3. That at the time of the warranty not only, but of the false and fraudulent representations, the horse was lame in his gambrel joint and not in his foot. 4. That at the time of making the false and fraudulent representations, the defendant well knew that the lameness was not in the hind foot, but was in

the gambrel joint, which had been badly diseased for more than two weeks, which was also well known to the defendant. 5. That by means of the premises, the defendant falsely and fraudulently deceived the plaintiff in the sale of the horse, to his damage of $500.

No allegations could have been inserted which would have more clearly constituted a case of fraud. That there was a warranty as well as representations, or that both are alleged to have existed, does not alter the case. Fraud may be based upon a warranty or upon representations, or upon both together. They may exist severally or together, and either or both may be the subject of fraud, and of an action for damages for fraud.

If the plaintiff had been able to establish a fraud in the sale, I cannot doubt that he would have been permitted to prove it under this complaint. I do not see upon what ground an objection could have been made to it. So if the allegations of the complaint had been positively stated and had been verified, an order to hold to bail must have been granted upon an application made to the proper officer. (Code, §§ 179, 188.)

I do not find any authorities in the courts of this State which sustain the position that this complaint may be considered as an action for a breach of warranty. None of the cases cited by the respondent's counsel are to that effect.

In *Moore* v. *Noble* (53 Barb., 425), the complaint alleged that the defendant falsely and fraudulently represented the horse to be of a certain value and guaranteed him to be sound and free from disease. The court held it to be an action for a fraud, and that to entitle the plaintiff to recover he must prove the *scienter*. (See also *Marshall* v. *Gray*, 57 Barb., 414; *McGovern* v. *Payn*, 32 id., 83.)

*Walter* v. *Bennett* (16 N. Y., 250) and *Belknap* v. *Sealey* (14 id., 147) are hardly authorities on the question of whether the complaint in this action is in tort or assumpsit. They are authorities on the proposition that where the complaint is for a tort, the plaintiff establishing a case in assumpsit merely cannot recover.

The precedent in 2 Chitty's Pleadings (679, 8th Am. ed., from 6th Lond. ed.) and the case of *Williamson* v. *Allison* (2 East, 446), are chiefly relied on by the respondent. The precedent cited in Chitty, which is for "a false warranty of a horse," does not sustain the claim. It omits the important allegation that the seller well knew the representation to be untrue. The precedent also at p. 279, "on a warranty of a horse to be sound," omits the same allegation. Both of these precedents contain the allegation used in all the old forms of assumpsit, that the defendant not regarding his promise, fraudulently intending to injure the plaintiff, craftily and subtly · deceived the plaintiff.

The case of *Williamson* v. *Allison* is nearer to the point. The court hold that where all the allegations are made which are necessary to sustain an action in tort, if a warranty is also alleged, the tort may be disregarded and a recovery had in assumpsit. *Dowdny* v. *Mortimer*, cited in the same authority, held that the *scienter* must be proved, and in that case no express warranty was alleged. In my opinion, this case is not in accordance with the authorities and practice of this State, and should not prevail.

The view of this pleading which I have taken is in accordance with our improved system of pleading, abolishing all prior forms and requiring the party to make a "statement of the facts constituting the cause of action." (Code, § 142.) In the present case, the plaintiff made a statement of facts which did not constitute his cause of action. The Code never intended that a party who had failed in the performance of a contract merely, should be sued for a fraud, or that a party who had committed a fraud should be sued for a breach of contract, unless the fraud was intended to be waived. The two causes of action are entirely distinct, and there can be no recovery as for a breach of contract, where a fraud is the basis of the complaint. (See authorities, *supra*.) *Connaughty* v. *Nichols* (42 N. Y., 83) is the only authority cited to the contrary, and it does not sustain that position.

The judgment should therefore be reversed and new trial granted, costs to abide event.

Lott, Ch. C. (dissenting). The question in this case is whether the plaintiff could recover on the proof of the warranty alleged in the complaint and its breach, without also proving guilty knowledge by the defendant of the falsity of the representations made by him.

That question was very fully considered in *Williamson* v. *Allison* (2 East, 446). The plaintiff in that action bought twenty-four bottles of claret, for the purpose of being exported to a foreign market for sale. The declaration charged that the defendant, well knowing the wine to be in an unfit and improper state for exportation, and falsely and fraudulently warranting the same to be fit and proper, falsely, fraudulently and deceitfully sold the same to the plaintiff, and, by means of the premises, falsely and fraudulently deceived him.

At the trial the plaintiff did not prove knowledge by the defendant of the unfit condition of the wine, and it was contended that he could not recover, inasmuch as there was no proof of *scienter*, as laid in the declaration. The judge, however, held that the gist of the action was the warranty, and that the *scienter* alleged was mere matter of aggravation, and need not be proved. A verdict was rendered for the plaintiff, and a rule to show cause why it should not be set aside was thereupon granted, and upon its return and after argument, the rule was discharged. Lawrence, J., said, with respect to what averments are necessary to be proved, he took the rule to be, that if the whole of the averment may be struck out, without destroying the plaintiff's right of action, it was not necessary to prove it; and he referred to a case before Lord Raymond, who held the *scienter* there alleged was not necessary to be proved, inasmuch as there was a warranty, and that the *scienter* was only necessary to be proved where the action was in the nature of an action of deceit without a warranty.

LE BLANK, J., said that the insertion or omission of the fact of the defendant's knowledge, at the time, that the wine was unfit for sale according to the warranty, makes no difference, and that the allegation might, therefore, be struck out altogether.

The rule laid down and adopted in that case is recognized by Chitty, in his work on Pleadings. He says, in speaking of an action on the case as a proper remedy for a false warranty, and in prescribing the requisites or qualities of a declaration in such an action, that it is not necessary that a *scienter* should be alleged, and, if stated, need not be proved, and cites *Williamson* v. *Allison*, *supra*. (See 3 American, from 2 London edition, vol. 1, pp. 139, 376, marginal paging.)

His precedent or form of a declaration, in an action on the case for a false warranty on the sale of a horse, has been substantially adopted, and followed by the pleader in drawing the complaint in the action under review. (See vol. 2 of same edition, pp. 324, 325, marginal paging.)

It is said by the counsel of the appellant that, in that form, a *scienter* is not alleged. It is true that there is no express allegation of that fact, but it is alleged therein that the defendant falsely and fraudulently warranted the said horse to be sound, and quiet in harness, and it is well established that the words "falsely and fraudulently," when used to qualify the defendant's *animus* in making the representations, are equivalent to the formal statement, or constitute a sufficient allegation of a *scienter*, even in an action of deceit. (See *Bayard* v. *Malcolm*, in the Court for the Correction of Errors, 2 Johns., 550, and *Thomas* v. *Beebe*, 25 N. Y., opinion of SELDEN, J., p. 246, and of DENIO, Ch. J., p. 249, etc.)

The principle deducible from the rule referred to is that, if the representation relied on as the basis of the action constitutes a warranty, then, if the property warranted does not answer the description, the party injured has a right to recover, irrespective of the question of *scienter*. If, on the other hand, it is a false statement or affirmance, not amount-

ing to a warranty, then an averment and proof of the know-
ledge of its falsity by the party making it are both necessary
to give a cause of action.

The defendant, however, claims that whatever may have
been the rule under the old system of pleading, the action,
under the Code and the present system, was clearly " for dam-
ages for the deceit, and that fraud was the gravamen of the
action."

There is no ground for this claim.    All that is required by
the Code is a plain and concise statement of the facts consti-
tuting a cause of action, without unnecessary repetition.

The complaint, in the present case, alleges a warranty, and
false and fraudulent representations of the defendant as to
the lameness of the horse sold by him and its cause, and that,
relying *upon said warranty and representations, and believ-
ing them to be true,* purchased him, and every allegation of
false and fraudulent representations is preceded by an allega-
tion of warranty.

It cannot be said, after the plaintiff himself has alleged
that he relied, in making his purchase, " upon said *warranty
and representations,*" that fraud was the gravamen of the
action.    That statement by him concedes and admits that the
warranty influenced his action, at least to some extent, and
no representations, except those constituting it, are stated to
have been made.    Indeed, there is nothing set forth in the
complaint to justify the inference or presumption that the
plaintiff would have bought the horse on the representations
alleged without the warranty, and if the statements that they
were fraudulent or fraudulently made, and that the defendant
knew they were false, were entirely omitted, the other facts
stated a full and perfect cause of action against the defendant,
and the omission to prove those statements did not, in any
form or manner, or to any extent, qualify his liability.
Being unnecessary and immaterial to the cause of action,
they could have been stricken out, on motion, as irrelevant
matters, and it was properly held on the trial that there was

no necessity of proving them, and that the plaintiff was entitled to a recovery without such proof.

This principle is fully settled in *Conaughty* v. *Nichols* (42 N. Y., 83).

It may be proper, in conclusion, to refer to the report of the decision in this case, in 47 Barb., 582.

It is stated, in the statement of the case preceding the opinion of the court, that the complaint in the action alleged fraud and deceit in the sale of a horse by the defendant to the plaintiff ; that the plaintiff made representations which he knew to be false, and that the defendant, by means of the premises, falsely and fraudulently deceived him (the plaintiff) in the sale of said horse as aforesaid to the damage of the plaintiff of $500, for which judgment was demanded. No reference or allusion whatever is made in that statement to the allegations of *warranty* contained in the complaint, which, as was stated in the opinion of the court below and according to the views above expressed by me, made it a complaint for a false warranty of the horse, and not for deceit in the sale.

It follows, from what I have stated, that there is no ground for the reversal of the judgment. It must, consequently, be affirmed with costs.

All concur for reversal except LOTT, Ch. C., dissenting.

Judgment reversed.