Upon a motion subsequently made for reargument, the following opinion was delivered:
Neither Ross v. Mather (51 N.Y., 108), or DeGraw v.Elmore (50 id., 1), were overlooked or disregarded by the court in giving judgment on the appeal. The pleading was brought to the test of the principles heretofore decided by this court in the several reported cases, and although, as was suggested in the opinion, there was much in the narration of the plaintiff's grievances in the complaint which ought to have been omitted, and could only serve to embarrass, and possibly mislead, we still think that the complaint must be regarded as in assumpsit upon the agreement to deliver the stock, to which the allegations of fraud were wholly collateral. The action was so treated at the Circuit, and this court thought there was no error, in view of the theory upon which the trial proceeded, and the objections and exceptions were taken by the defendant. It may be the complaint was to some extent ambiguous and inartificial, but the present system of pleading is not favorable to the greatest accuracy or precision in the statement of causes of action or of defences, and a liberal interpretation must be given pleadings, when parties have not been misled to their prejudice or injustice done, to sustain verdicts and judgments. The judgments in each of the cases relied upon by the appellant's counsel (citedsupra,), turned upon the construction of the pleading under consideration, and if this case had been within the principle ofRoss v. Mather, that case would have been followed as authoritative and decisive. We thought a fair interpretation of the complaint in this action distinguished it from that in the case referred to. The summons only serves to bring the party into court, but does not make a part or aid in the interpretation of the pleadings. If the complaint does not follow the summons, the remedy of the party is by motion in the original jurisdiction. The *Page 163 
point now made upon the statute of frauds, is taken for the first time upon the motion, and cannot be considered.
The motion must be denied.
All concur.
Motion denied.