JOSEPH WEINSTEIN, Respondent, *v.* BENJAMIN SCHNEIDER and IRVING SCHNEIDER, Appellants.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Negotiable instruments — fraud — note secretly given to induce payee to withdraw objections to a composition of creditors is unenforcible as between parties — one claiming to be bona fide holder of such note is under the burden of proving such fact, after the facts as to its inception have been shown — Neg. Inst. Law, § 98.

A promissory note secretly given to a creditor on condition that he would withdraw his objections to a composition with creditors is a fraud upon the other creditors, constitutes an unlawful preference and is not enforcible as between the parties.

In an action on the note by one claiming to be a *bona fide* holder in due course and for value, the burden of proof is upon him to meet the evidence offered against the payee as the presumption upon which, under section 98 of the Negotiable Instruments Law, he could rest no longer existed, and a judgment in his favor will be reversed and a new trial ordered.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

*Nathan D. Leiman*, for appellants.

*Shaine & Weinrib* (*C. Weinrib*, of counsel), for respondent.

*Per Curiam.* The note in suit was given to one Shiller, a creditor of the defendants, on condition that he would withdraw the objections filed by his attorneys in the bankruptcy court to the composition which all the other creditors of the defendants were willing to execute. Under the composition the creditors were to receive thirty-five per cent. The objections were withdrawn and the composition executed and confirmed by the court. The note

was obtained secretly and without the knowledge of the other creditors of the defendants, and was a fraud on them. Shiller thus obtained a preference and rendered the note unenforcible as between the parties. *Hanover Nat. Bank* v. *Blake*, 142 N. Y. 404; *Union Exchange Nat. Bank* v. *Joseph*, 194 App. Div. 295, 297; affd., 231 N. Y. 250. When this fact was established, the plaintiff, claiming to be the holder of the note in due course and for value, was under a duty to come forward with his proof to meet that offered against Shiller. The presumption upon which he could rest no longer existed. Neg. Inst. Law, § 98.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur.

Judgment reversed.