New Howard Mfg. Co., Inc., Appellant, v. Abdo Cohen and Others, Respondents.

First Department, January 11, 1924.

Bills and notes — action by bona fide holder on note given by bankrupts to creditor to induce him to join in composition agreement — Bankruptcy Act, § 29, does not make note void — note not made void by statute may be enforced by bona fide holder.

The *bona fide* holder of a promissory note given by bankrupts to a creditor to induce him to join in a composition agreement may recover on the note in an action against the makers, since, while section 29 of the Bankruptcy Act makes the contract illegal, it does not provide that a note given thereunder is absolutely void. Where the statute does not provide that a note is void it may be enforced by a *bona fide* holder.

Appeal by the plaintiff, New Howard Mfg. Co., Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 19th day of December, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the defendants.

*I. Montefiore Levy* of counsel [*Charles L. Raskin* with him on the brief], for the appellant.

*David Rosengarten* of counsel, for the respondents.

Smith, J.:

The action was brought upon a promissory note for $100. Plaintiff is assignee of defendant Cohen. This note was given upon an indebtedness of two of the defendants, Petillo and Catalano, to the assignor, which indebtedness was owing prior to February 25, 1921. On or about the 25th day of February, 1921, the assignor in form agreed with the defendants Petillo and Catalano, alleged bankrupts in a proceeding then pending, and with divers other creditors of those defendants, that he would accept twenty-

five per cent of the amount of the indebtedness from the two defendants in full satisfaction and discharge thereof. Other creditors of the defendants Petillo and Catalano, by the same composition, agreed with each other and with the said Cohen that they would accept the same percentage in full satisfaction of the indebtedness due and owing them from the defendants Petillo and Catalano. The sole consideration for the note in suit was a secret promise to the plaintiff's assignor that he would unite in a deed of composition of the debts of the said defendants Petillo and Catalano. It appears further that s iid note was one of a number of notes made by the defendants Petillo and Catalano to the defendant Cohen for the balance of the full amount due the said Cohen.

The plaintiff is a *bona fide* holder of said note, and the only question here involved is whether in the hands of a *bona fide* holder the note is subject to the defense that it was given unlawfully as a preference to the said Cohen as creditor, while the other creditors received only twenty-five cents on the dollar.

That the agreement made between the debtor and this creditor was illegal is not questioned. Paragraph 5 of subdivision b of section 29 of the Bankruptcy Act of 1898 (30 U. S. Stat. at Large, 554) makes it a crime for a person to have knowingly and fraudulently " extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings." While the former Bankruptcy Act of 1867 (14 U. S. Stat. at Large, 534, § 35; U. S. R. S. § 5131) made such a contract absolutely void, there is no such provision in the present Bankruptcy Act. It simply makes the contract illegal, which illegality may be pleaded in defense of the action, if the action be brought by the original party to said note or by his assignee with notice.

Under the decisions of this State it has always been held that there may be as between the original parties a defense of illegality, but as against a *bona fide* holder, it is only competent to show that the instrument under which suit is brought was a void instrument. It is claimed that section 96 of the Negotiable Instruments Law of our State has repealed the old law, so that, even if the contract was originally void under the statute, it was good in the hands of a *bona fide* purchaser. There was considerable conflict of opinion in this State and in other States upon the effect of this law, and the rights of a *bona fide* holder to enforce such a contract are fully discussed in Brannan on the Negotiable Instruments Law (3d ed. p. 184 *et seq.*). In the note at page 186 it is said: " It is submitted that the weight of authority and the better reasoning is in favor of the view that the Negotiable Instruments Law does not impliedly

repeal statutes which expressly or by necessary implication declare an instrument void. Sections 55 and 57* are those chiefly relied upon in favor of the contrary view, but they do not seem to compel this conclusion. If an instrument is made void by statute, then it is as if there were no instrument at all, and, as was said in the case of *Martin* v. *Hess* [23 Penn. Dist. Ct. 195], where section 57 was relied upon by counsel for the plaintiff, ' that this act was not intended to inject life into a written instrument that by law was null and void *ab initio* is apparent from the use of the word " liable " in section 57 in this act.' * * * The liability is defined to be the state of one who is bound in law and justice to do something which may be enforced by action; Bouvier, p. 206.† The maker of a note given in payment of a gambling transaction is not liable on such instrument, as by law such an instrument is null and void and of no effect."

Whatever may have been the diversity of opinion, either in this State or other States, or in England, as far as this State is concerned the question seems to be settled by the case of *Sabine* v. *Paine* (223 N. Y. 401), which holds that " A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is [as] void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract, because that which the statute has declared void cannot be made valid by passing through the channels of trade."

The opinion of Judge COLLIN, writing for an unanimous court (on p. 403), reads as follows: " When the Negotiable Instruments Law was enacted, it was an established rule of law in this State and many other jurisdictions that a holder of a note void by virtue of a statutory declaration because of usury, who became such before the maturity of the note for value and without notice of the usury, could not enforce the note. The rule is an exception to the general principle that a negotiable instrument, in the hands of an innocent holder, who had received it in good faith in the ordinary course of business, for value, and without notice of a defense, is not invalid and is enforcible by the holder. The general principle has been stated: ' The *bona fide* holder for value who has received the paper in the usual course of business is unaffected by the fact that it originated in an illegal consideration, without any distinction between cases of illegality founded in moral crime or turpitude, which are termed *mala in se*, and those founded in positive statutory prohibition which are termed *mala prohibita*. The law extends

---

* See Uniform Neg. Inst. Act, §§ 55, 57, as adopted by National Conference of Commissioners on Uniform State Laws; Neg. Inst. Law, §§ 94, 96.— [REP.

† 2 Bouv. Law Dict. [Rawle's Rev.] 206.—[REP.

this peculiar protection to negotiable instruments, because it would seriously embarrass mercantile transactions to expose the trader to the consequences of having the bill or note passed to him impeached for some covert defect.' (1 Daniel on Negotiable Instruments [6th ed.], section 197.) The rule, constituting an exception to it, rests upon the legislative intention and enactment. An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy. It cannot obligate a party or support a right. In *Claflin* v. *Boorum* (122 N. Y. 385, 388) we said: 'A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract. No vitality can be given to it by sale or exchange, because that which the statute has declared void cannot be made valid by passing through the channels of trade.' The rule has general recognition in judicial opinion." (Citing cases.)

The Statute of Usury in this State makes a usurious contract void *ab initio*, so other statutes, as statutes against gaming debts and statutes regulating notes given for patent rights, make such notes either void or in the hands of any purchaser or holder subject to the same defenses as in the hands of the original holder. (See General Business Law, § 373; Penal Law, §§ 992, 993; Neg. Inst. Law, § 330.) It is clear that the Negotiable Instruments Law did not intend to repeal the law, under which those decisions were made, that contracts made void by statute had no force whatever at any time and could not be enforced in the hands of a *bona fide* purchaser. This case is an authority, so strong as to be controlling, that, where the statute itself does not make a contract void but simply prohibits the act, or where the contract is only void as a matter of public policy, the usages of trade and the necessity for protection to negotiable instruments require that the contract should be enforced. To hold that a contract not made void by statutory declaration could be defended as against a *bona fide* purchaser, either because of statutory illegality, or because of illegality by reason of fraud or other offenses *mala in se*, would be a serious embarrassment to the use of these instruments as they are commonly used in trade, as representing actual money.

In *Cowing* v. *Altman* (71 N. Y. 439) the court said: " We shall assume that the check in suit was given to carry out an agreement made in contravention of the forty-fifth section of the Bankrupt Act,* for the payment to Holbrook of a compensation beyond the

---

* See Bankruptcy Act of 1867 (14 U. S. Stat. at Large, 539), § 45; revised by U. S. R. S. § 5012, and repealed by 20 U. S. Stat. at Large, 99, chap. 160.— [REP.

legal fees allowed by law for services as assignee in bankruptcy of the firm of Biesenthal, Falck & Israel, and was void in the hands of the payee by reason of the illegality of the consideration. But the bankrupt act does not expressly avoid a note or security taken upon such a transaction, and the check, notwithstanding the illegality of the consideration, would be valid in the hands of a *bona fide* holder for value, who took it before it was dishonored, without notice of the illegality. (*Rockwell* v. *Charles*, 2 Hill, 499; Byles on Bills, 139.) "

It has many times been held that, where contracts are obtained through fraud, there is placed upon the plaintiff the burden to prove his *bona fides*, which was otherwise presumed. If the rule as held above is sound, this rule of law, applicable in this case, would be entirely unnecessary, because the contract would be void and would be invalid even in the hands of a *bona fide* purchaser.

In order to make contracts, whether *mala in se*, or *mala prohibita* void *ab initio*, a statutory declaration to that effect is necessary; and, without that statutory declaration, which does not here exist, the note is good in the hands of a *bona fide* purchaser.

The determination of the Appellate Term and the judgment of the Municipal Court, therefore, should be reversed and judgment directed in favor of the plaintiff, with costs to appellant in all courts.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and judgment directed in favor of plaintiff, with costs in all courts to the appellant.