UNION NATIONAL BANK, Plaintiff, v. CHARLES G. A. PFISTCH, Defendant.

City Court of New York, July 23, 1924.

*Everett, Clarke & Benedict,* for the plaintiff.

*Arthur B. King,* for the defendant.

LA FETRA, J. This action was brought by the plaintiff, the holder of a note, upon its face negotiable and for value, against the defendant, the maker, to recover the face value thereof. The instrument was one of a series which were given to the payee, one Daniels, by the defendant in payment of certain radio sets. The defense is fraud in the inception of the note to the knowledge of the plaintiff.

The plea is that the payee represented the radio sets to be new and complete; that said representations were false; known to the payee to be false and were made with the intent to deceive and defraud the defendant; that said defendant relied upon said representations, believed them to be true and was thereby induced to and did deliver the notes to the payee; that at the time the payee knew or should have known of the fraud. In substance, that the radio sets were represented by the payee as new and complete, whereas they were neither new nor were they complete.

Upon the introduction of the note in evidence it was presumed to be complete and regular upon its face and the plaintiff was deemed *prima facie* a holder in due course. (Neg. Inst. Law, §§ 91 and 98.) The plaintiff was presumed to have acquired the instrument before it was overdue, if such was the case, to have taken it in good faith and for value, without notice, or actual knowledge of any infirmity in the title of the payee thereto, or of such facts that its action in taking the same amounted to bad faith. (Neg. Inst. Law, §§ 91 and 95.) It held it free from defects of title and defenses available to prior parties and was entitled to enforce payment for the full amount thereof against all parties liable thereon. (Neg. Inst. Law, § 96.) If, however, the payee obtained the instrument, or any signature thereto, by fraud, duress or force or fear, or other unlawful means, or for an illegal consideration, or if he negotiated it in breach of faith, or under such circumstances as amounted to fraud, the title of the payee was defective (Neg. Inst. Law, § 94), and then the burden was upon the plaintiff to prove that it or some person, under whom it claimed, acquired the title in due course and for value. (Neg. Inst. Law, §§ 91 and 98.)

Proof of fraud challenges the presumptions established in plaintiff's favor upon the introduction of the note in evidence, and creates another in favor of the defendant that the plaintiff was

not a *bona fide* indorsee for value. The affirmative of the issue thus raised is upon the plaintiff and it must prove its cause by a fair preponderance of evidence. The fraud affords a presumption in defendant's favor that the payee disposed of the note and placed it in the hands of another person for the purposes of suit. The plaintiff may meet the attack by evidence in contradiction of the charge of fraud, or proof in support of the presumptions in its favor, or both. In other words, the temporary burden was upon the defendant to raise the issue by evidence, but, after it was raised, the burden was upon the plaintiff to establish its cause. (*Bailey* v. *Bidwell*, 13 M. & W. 76; *Conroy* v. *Warren*, 3 Johns. Cas. 259, 265, 266; *Cruger* v. *Armstrong*, Id. 5, 6; *Case* v. *Mechanics' Banking Assn.*, 4 N. Y. 166; *Eastman* v. *Shaw*, 65 id. 522, 526, 528; Parsons Cont. [7th ed.] 272 and note M; Parsons Bills & Notes [2d ed.], 279; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441, 453, 454; N. Y. L. J. Dec. 24, 1923, 1050; Dec. 20, 1923, 1008; *New Howard Mfg. Co.* v. *Cohen*, 207 App. Div. 588; *Cohen & Feldman, Inc.*, v. *Silbowitz*, N. Y. L. J. Nov. 27, 1923; *American Exchange National Bank* v. *New York Belting & Packing Co.*, 148 N. Y. 698, 702–708, and cases cited; McKinney N. Y. Consol. Laws [Neg. Inst. Law], book 37, and cases cited.)

Fraud as used in this statute means fraud in fact, not merely what is sometimes called implied or constructive fraud, or fraud in law, which may exist without the imputation of bad faith.

In *Marshall* v. *Gray* (39 How. Pr. 172, 174) the court said: " The rule has been settled almost from time immemorial that when a a person on a sale or exchange, warrants property in any particular, he is bound to accountability to the extent of the warranty, whether he knew the fact or not. Not so, however, if a claim for fraud be made. Then the representations must not only be false, but false to the knowledge of the party making it." It continues (p. 175): " The distinguishing feature between warranty and fraud is in general, guilty knowledge of the falsity of the representations on the part of the party making it. Let this distinction be obliterated, and every breach of warranty becomes a fraud, when the warranty consists in mere representations or assertions of fact. Fraud implies deceit or artifice. This cannot be predicated upon the mere assertion of that which is untrue with no intent to deceive or knowledge of its falsity. In the case at bar, there was no evidence of guilty knowledge on the part of the defendant — no evidence of fraudulent intent." (See, also, *Hodgens* v. *Jennings*, 148 App. Div. 879, 881; *Kountze* v. *Kennedy*, 147 N. Y. 124.) " Fraud cannot be presumed. It must be proven, and if there is left room for an inference of an honest intent, the proof of fraud is wanting." (*Spurr* v. *Hall*, 46 App. Div. 454, 458, and cases cited.)

The radio sets in question were taken over from the United States and placed in one of its storage warehouses. The testimony relied upon by the defendant to establish fraud was that of his agent, who made an examination of the equipment a few days after the sale. He found some batteries missing and other parts broken. The evidence is singularly silent as to the extent this condition existed in relation to all the equipment. The inferences from the evidence are that the radio sets were substantially new and complete; that the payee warranted them as such and that the representation was made with honest intentions and not for the purpose of cheating and defrauding the defendant.

The motion to set aside the verdict directed in favor of the plaintiff and against the defendant is denied with an exception to the defendant. (Civ. Prac. Act, § 457-a.) Submit order.