B. ZATINSKY & SON, INC., Plaintiff, *v.* LOUIS L. SCHWARTZ & Co., INC., and Others, Defendants.

Supreme Court, New York County, November 16, 1925.

Composition with creditors — action to recover on contract made at time of compromise by debtor with creditors — compromise agreement provided for payment to all creditors of 20 per cent — agreement in action provides for payment to plaintiff's assignors in full — said agreement was secret and in fraud of other creditors and is void — plaintiff cannot claim to be bona fide holder of notes given under agreement — plaintiff cannot enforce original obligation — defendant debtor could not ratify agreement — defense is available to guarantor.

The agreement in this action, which was entered into between the defendant debtor, and plaintiff's assignors, creditors of the defendant debtor, at the same time that a compromise agreement was made between said defendant and all of its creditors to pay twenty per cent, is illegal and void, since it appears that the agreement, forming the basis of this action, was made secretly between the said defendant and plaintiff's assignors and provided for the full payment of the debts due to the plaintiff's assignors.

The plaintiff cannot claim to be a *bona fide* purchaser of the original promissory notes which were given under the agreement.

The plaintiff cannot enforce the original obligation in full on the false pretense that the debtor has failed to carry out the composition agreement, which the plaintiff's assignors, by a secret agreement, have already expressly waived, but the plaintiff may recover the amount that its assignors would have been entitled to under the composition agreement. However, since the defendant debtor has paid the plaintiff, or its assignors, more than the twenty per cent specified in the composition agreement, no recovery may be had in this action.

The said defendant could not ratify or confirm the illegal agreement, for all such contracts are absolutely null and void.

The guarantor, who was sued jointly with the debtor in this action, is entitled to take advantage of the defense interposed by the debtor.

ACTION to recover balance alleged to be due under a written contract.

*I. Gainsburg* [*J. W. Friedman* of counsel], for the plaintiff.

*Isidor Enselman* [*Norman P. S. Schloss* of counsel], for the defendants.

DELEHANTY, J. In this action, tried before the court without a jury, the plaintiff corporation seeks to recover from the defendant

corporation and from the individual defendant, as guarantor, a balance claimed to be due under a written contract between the plaintiff and the defendants, made July 25, 1923. The defense, in substance, is to the effect that the agreement was illegal and without legal consideration, and cannot be enforced because it arose out of a prior illegal and secret agreement between the defendant corporation and its creditors, the plaintiff's assignors, as partners, in fraud of all the said defendant's other creditors. The evidence shows that in April of the previous year, 1922, the defendant corporation made a common-law composition agreement with its creditors, including the firm of B. Zatinsky & Son, the assignors of the plaintiff, whereby the creditors were to receive twenty per cent of their claims in full settlement and discharge thereof, payable five per cent in cash, and the remaining fifteen per cent in three equal installments of five per cent each, by notes satisfactorily indorsed, payable in six, twelve and eighteen months after the said payment in cash. Not being able to secure satisfactory indorsements of the proposed notes, the defendant corporation paid the entire twenty per cent in cash on or before May 9, 1922, to all the creditors except the plaintiff's assignors. The defendant corporation also delivered to the plaintiff's assignors ten promissory notes, each dated May 22, 1922, covering the entire amount of their claim, and payable from month to month thereafter, beginning August 15, 1922, and the last note became due May 15, 1923. The first two notes of $500 each were paid at maturity and on or before September 15, 1922. On July 25, 1923, the remaining eight notes not having been paid, the agreement sued upon herein was executed between the plaintiff, as successor of the plaintiff's assignors, and the defendants, whereby, in substance, the time for the payment of the indebtedness represented by the unpaid eight notes was extended, and monthly payments were to be made until the full amount was paid, on condition that the individual defendant should guarantee the payments; and, in the event of any default, the entire amount should become due and payable. Only the first three or four installments, aggregating $850, were paid under this new agreement. The testimony and contention on behalf of the defendants were to the effect that the assignors of the plaintiff refused to sign the composition agreement until the defendant corporation should agree to pay their claims in full, and that, in pursuance of that agreement, the ten promissory notes, though postdated, were delivered before the composition agreement was actually signed, or at any rate were delivered in pursuance of such an illegal agreement, even if delivered after the composition agreement was signed. On the other hand, in behalf of the plaintiff, it was testified and contended that the notes in

full were voluntarily delivered on the day of their date in lieu of the twenty per cent cash already paid about May 9, 1922, to all the other creditors, in the expectation that trade would be renewed between the parties.

After hearing and observing the witnesses for the respective parties, and after a careful examination of the entire record and a consideration of the briefs and probabilities in the case, I have come to the following conclusions:

*First.* That the original ten notes were delivered pursuant to a secret agreement to pay the plaintiff's assignors in full as a condition of their signing the composition agreement.

*Second.* That under well-settled rules neither the original notes nor any subsequent agreement between the original parties to pay the indebtedness covered thereby can be enforced, as they are deemed void as against public policy. (*White* v. *Kuntz*, 107 N. Y. 518; *Hanover Nat. Bank* v. *Blake*, 142 id. 404; *Klaw* v. *Famous Players-Lasky Corporation*, 207 App. Div. 211.)

*Third.* That there is no proof or even claim upon the part of the plaintiff, the corporate successor of the said assignors, that the plaintiff was a *bona fide* purchaser of the original promissory notes for value and without notice of any defense thereto; hence, even though the notes were not absolutely void, the plaintiff cannot invoke the rule protecting a *bona fide* holder for value in due course. (*Weinstein* v. *Schneider*, 118 Misc. 253, 254; *New Howard Mfg. Co.* v. *Cohen*, 207 App. Div. 588.)

*Fourth.* Although the rule is settled that the original debt may be revived in favor of an innocent creditor upon the failure of the debtor to carry out the terms of a voluntary common-law composition agreement, but not in the case of a composition agreement confirmed in bankruptcy (*Hadley Falls Nat. Bank* v. *May*, 29 Hun, 404; affd., 99 N. Y. 671; *Matter of Nachman Co., Inc.*, [C. C. A.] 6 Fed. [2d] 427; *Jacobs* v. *Fensterstock*, 236 N. Y. 39, 42), yet where, as here, fraudulent creditors sign such a common-law agreement to defraud other creditors, while secretly reserving to themselves full payment, with no intention of performing the composition agreement on their part, and with no expectation that the debtor shall perform the same, no court will encourage and reward such fraudulent conduct by permitting such a creditor, when, as here, he finds that the debtor fails to pay him the full amount of his secret notes, to then claim that he has a right to enforce the original indebtedness upon the false pretense that the debtor has failed to carry out the composition agreement which the creditor by secret agreement has already expressly waived.

*Fifth.* No injustice results to such creditors, for the courts, while

refusing to enforce their secret agreement, still allow them to recover upon the composition agreement itself, and in the instant case the plaintiff has already received more than the twenty per cent specified in the composition agreement, and more than any other creditor. (*Hanover Nat. Bank* v. *Blake*, 142 N. Y. 404.)

*Sixth.* That no moral obligation to pay in full was reserved here in favor of all the creditors, and, if so reserved in favor of the plaintiff's assignors only, it was invalid, and would not support any subsequent promise to pay in full. (*Straus* v. *Cunningham*, 159 App. Div. 718, 722, 723, per INGRAHAM, P. J.)

*Seventh.* That there can be no ratification, confirmation, waiver and estoppel preventing the defendants from raising the illegality of the contracts, as erroneously contended in behalf of the plaintiff, for all such contracts are in fraud of other creditors and against public policy; hence, in spite of and regardless of the wishes or acts of the immediate parties to the transaction, such contracts will not be enforced by the courts.

*Eighth.* That, as the principal and guarantor have both been sued in the same action, the same defense is available to the guarantor as to the principal. (*Ettlinger* v. *National Surety Co.*, 221 N. Y. 467, 471.)

Pursuant, therefore, to the rule and stipulation of the parties, I direct a verdict for the defendants.