THOMAS HARVEY *vs.* WILLIAM LARGE, by Henry Blacker, his guardian.

A justice of the peace has no jurisdiction to proceed in an action against an infant defendant after service and return of the process, until a guardian has been appointed. Until this has been done, he has no right to receive the complaint of the plaintiff, or the answer of the infant defendant.

If the infant does not apply for the appointment of a guardian, the plaintiff should apply, and see to it that a guardian is properly appointed.

Harvey *v.* Large.

Where an infant, sued in a justices' court, does not plead his infancy, but proves it on the trial, the proper judgment for the justice to render is a judgment of dismissal, stating the reason, viz. that the defendant is an infant, and that no guardian has been appointed. If he renders a judgment against the defendant it will be void.

Where such a judgment of dismissal is rendered, the proceedings in that action will not be a bar to a second action.

THIS action was commenced in a justice's court, to recover damages arising from the negligence of the defendant occasioning the death of the plaintiff's horse. It was tried March 11, 1867. The defendant, by his guardian, among other defenses, pleaded a former action, for the same cause, and judgment, in bar. In the former action, the defendant appeared without a guardian, and on the trial proved his infancy, and it was claimed in his behalf that no judgment could be rendered against him. He had not pleaded infancy, but other matters of defense. The justice took time to consider, and within four days entered "a judgment of discontinuance on the grounds defendant is an infant, and no guardian appointed." The present action was tried upon its merits. The defense of the former action and judgment was overruled, and the plaintiff had a verdict and judgment in his favor, and upon appeal by the defendant, the Erie county court reversed the judgment, upon the ground that the former action and judgment were a bar to that action. The plaintiff appealed to this court.

*James A. Allen,* for the plaintiff.

*Wm. C. Johnson,* for the defendant.

*By the Court,* MARVIN, J. By the justices' act, "any defendant in a suit, except persons under twenty-one years of age, may appear and defend the same in person or by attorney." "After the service and return of process against an infant defendant, the suit shall not be any

further prosecuted until a guardian of such infant be appointed." (2 R. S. 232, §§ 41, 42.)

The justice has no jurisdiction to proceed in an action against an infant defendant after the service and return of the process, until a guardian has been appointed. The justice has no right to receive the complaint of the plaintiff, or the answer of the infant defendant. The first proceeding, after the return of the process, is the appointment of a guardian. If the infant does not apply for such appointment, the plaintiff should apply, and see to it that a guardian is properly appointed. In *Mockey* v. *Grey*, (2 *John.* 192,) the judgment was reversed upon the sole ground that the infant defendant appeared by attorney and not by guardian. It does not appear that there was at that time any statute upon the subject. The court say it is error in all other courts for an infant to appear by attorney, and there is no reason why the same rule should not apply to a justice's court. It appears by the revisers' notes that the provisions above quoted were *new*, in the Revised Statutes; and I think by the statute the court, after the service and return of the process, has no further jurisdiction in the suit until a guardian for the defendant is appointed. In the first action the defendant did not plead his infancy, but upon the trial he caused it to be proved, and the justice made the proper disposition of the action by dismissing it, stating the reason, viz. that the defendant was an infant, and that no guardian had been appointed. If the justice had rendered judgment against the defendant, it would, I think, have been void. See *Clapp* v. *Graves*, (26 *N. Y. Rep.* 418,) and the cases therein cited, in which the distinction between irregularities and nullities is considered. (*See also Sagendorph* v. *Shult*, 41 *Barb.* 102.)

The proceedings in the first action were not a bar to this action. The justice entered in his docket "judgment of discontinuance." He gave no judgment for costs. He

understood that he had no jurisdiction to try the cause in the absence of a guardian for the defendant. If he had understood this at the time the infancy of the defendant was proved, I think he could then have have arrested the trial, and appointed a guardian, and commenced the trial *de novo*, and that such proceeding would have been regular.

I concur with Mr. *Wait* in his *Law and Practice* in justices' courts, (*vol. 2, p.* 232,) that if the plaintiff is uncertain whether the defendant is an infant, and such defendant does not apply for the appointment of a guardian, it will be the best course for the plaintiff to see that a guardian is appointed. It can do no harm, in any case, and if the defendant is an infant, it is indispensable to the validity of a judgment.

The counsel for the defendant has raised some other objections to the judgment in the justice's court, but they are untenable. The judgment of the county court, reversing the judgment of the justice's court must be reversed, and that of the justice's court affirmed.

[ERIE GENERAL TERM, May 4, 1868. *Daniels, Marvin, Davis* and *Barker,* Justices.]