URIAH H. DUDLEY, Respondent, v. EDWIN K. SCRANTON et al., Appellants.

A cause of action based on fraud, in the execution of a written contract, is distinct from that founded on a mistake merely, and it is not competent upon the trial to make a substitution of one for the other.

Where, therefore, defendant set up as a counter-claim a fraudulent omission and concealment, on the part of plaintiff, of items supposed by defendant to have been included in a settlement between the parties, which formed the basis of the agreement upon which the action was brought, *held*, that it devolved upon defendant to establish the fraud, and a refusal of the court to submit to the jury the question whether the omission was by mistake was proper.

*Lefler* v. *Field* (52 N. Y., 621) and *Marsh* v. *Falker* (40 id., 562) distinguished.

(Argued January 15, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment of the City Court of Brooklyn in favor of plaintiff entered on the verdict of a jury.

The nature of the action and the material facts are set forth in the opinion.

*Elial F. Hall* for the appellants. The judge at the trial erred in treating the counter-claim in the answer as a statement of a cause of action at common law for damages for a willful tort. (*Marsh* v. *Falker*, 40 N. Y., 565; *Lefler* v. *Field*, 52 id., 621; *Chester* v. *Comstock*, 40 id., 576; *Byxbie* v. *Wood*, 24 id., 607; *Conkey* v. *Bond*, 36 id., 427; *Conaughty* v. *Nichols*, 42 id., 83; *Austin* v. *Rawdon*, 44 id., 63; *Leslie* v. *Wiley*, 47 id., 648; *Coit* v. *Stewart*, 50 id., 17; *Appleby* v. *Brown*, 24 id., 143; *Sheldon* v. *Wood*, 2 Bosw.,

276.) The burden of proof at the trial was upon plaintiff to explain the omission in the inventory. (*Maddleford* v. *Austwick*, 1 Sim., 89 ; *Lees* v. *Laforest*, 14 Beav., 250 ; *Blisset* v. *Daniels*, 10 Hare, 536 ; *Kelly* v. *Greenleaf*, 3 Story, 101 ; *Brooks* v. *Marton*, 2 Wal., 70 ; Lindley on Part., 492, 493, and cases cited.) The omission was a fraudulent concealment as pleaded in the answer. (1 Story's Eq. Jur., § 207.) The judge erred in charging the jury that it was necessary to show a willful fraud or fraudulent purpose on the part of plaintiff. (Kerr on Fraud and Mistake, 95 ; 1 Story's Eq. Jur., § 316 *a ; Farnam* v. *Brooks*, 9 Pick., 212 ; *Sheldon* v. *Wood*, 2 Bos., 290 ; affirmed, *Byxbie* v. *Wood*, 24 N. Y., 607 ; *Bailton* v. *Matthews*, 10 C. & F. App. Cas., 934.) The answer not having been demurred or objected to, the court, in the charge to the jury, should have construed the counter-claim liberally. (*Conaughty* v. *Nichols*, 42 N. Y., 83 ; *Swinfen* v. *Ld. Chelmsford*, 5 H. & N., 920 ; *Sheldon* v. *Wood*, 2 Bos., 290 ; *Conkey* v. *Bond*, 34 Barb., 285 ; *Crary* v. *Goodman*, 2 Kern., 266 ; *Union Bk.* v. *Bush*, 36 N. Y., 631 ; id., 427 ; *Bartlett* v. *Judd*, 21 id., 200.)

*Samuel Hand* for the respondent. Defendants, to sustain their counter-claim, were bound to show fraud. (*Townsend* v. *Hendricks*, 40 How., 143 ; *De Graw* v. *Elmore*, 50 N. Y., 4 ; *Cole* v. *Rathbone*, 19 id., 37 ; *Rauson* v. *White*, 39 Barb., 104 ; *Moore* v. *Noble*, 36 How., 385 ; *Oberlander* v. *Spiess*, 45 N. Y., 175 ; *Meyer* v. *Amidon*, id., 169.) Defendants' exceptions to the charge are not well taken. (*Schwerin* v. *McKie*, 5 Robt., 404 ; *Benson* v. *Berry*, 55 Barb., 620 ; *Clark* v. *Vorce*, 19 Wend., 232 ; *Walsh* v. *Kelly*, 40 N. Y., 556 ; *Stone* v. *Tr. Co.*, 38 id., 240 ; *Kluender* v. *Lynch*, 4 Keyes, 361.)

LOTT, Ch. C. This action was brought by the plaintiff against the defendants for the recovery of certain sums claimed to be payable to him, under a special agreement set forth in the complaint, made between the parties on a settle-

ment of certain partnership transactions, referred to in the said agreement, amounting to the sum of $1,539.83, with interest. Some of the allegations in the complaint, not material to be noticed, were denied by the defendants' answer, and the questions arising on the appeal are presented in a counter-claim made by them on the following allegations, viz.: "That in the said settlement, set forth in the complaint, the sum of $10,000 invested in machinery and fixtures, and a part of the assets of said partnership, heretofore, and in previous settlements, credited and allowed as such, was fraudulently omitted by the plaintiff from the list or inventory of assets and stock, made by the said plaintiff as the basis of said settlement, in consequence of which, the amount of the assets as estimated and bought by him, and for which he gave said notes [being notes specified in the said agreement], was $10,000 less than it otherwise would have been; that such omission on the part of the plaintiff was fraudulently concealed from these defendants, who had reason to believe, and did believe, that said sum of $10,000 was included in the assets, and that they made and entered into said settlement on the faith of said belief, and never discovered said omission or error until some time after said settlement was made." The defendants then alleged, that if the value of said machinery and fixtures had been allowed and credited as assets they would have received $1,500 additional for their interest in the business in which they were used, over and above the amount allowed and credited to them by the plaintiff, and that they, upon the discovery of the said omission, demanded of the plaintiff their interest in the said amount, which they alleged to be $1,500 with interest, but that he refused to allow or pay it to them. The plaintiff, in and by his reply, denied each and every of the said allegations set forth "by way of or setting up a counter-claim." On the trial of the issues, evidence was given in reference to the plaintiff's claim, and also as to the facts alleged to support the counter-claim, and tending to show the omission, its cause, and the plaintiff's motive and object in making it.

The jury found in favor of the plaintiff for the whole amount of his claim, under a charge from the court, submitting the question of a fraudulent omission to them, and instructing them that the defendants were not entitled to a counter-claim, unless a fraudulent purpose on the part of the plaintiff in making it was shown ; and the court refused to charge " that if the item of machinery was omitted from the inventory, which was the basis of the settlement, without the knowledge or consent of either of the defendants, and they settled with the plaintiff upon the representations made by him that he had included all the assets of the firm, the defendants are entitled to be allowed fifteen per cent on the value of the property." This was refused, the judge saying, that he construed the proposition, as presented, to be, in substance, that if the plaintiff omitted by mistake, and without any intention to defraud, this item from the calculation, that that would be sufficient to constitute a defence, and with that view of it, he must decline the proposition. The defendants' counsel excepted to the refusal, and, in taking the exception, stated that the proposition was intended to meet precisely the point which the judge supposed it was, that is, " to instruct the jury that if they found the omission was made without the defendants' consent or knowledge, whether it was fraudulent or not, they were to be allowed the fifteen per cent." The counsel then further requested him to charge, that as the omission of the machinery from the inventory was admitted, the burden of proof was on the plaintiff to explain such omission. This was also refused, and an exception to such refusal was taken. These exceptions present the only material questions for our consideration on this appeal. Neither of them is well taken. The judge properly held that the counter-claim by the defendants was based on an allegation of a fraudulent omission and concealment of the item in making the settlement, and it was incumbent on them to establish the fraud alleged by affirmative proof, and that it was not sufficient to show that such omission was the result of a mistake. The fraud alleged by them was a material element, and ground for the claim to compensation for damages

sustained by them by reason and in consequence of the omission, and it was not competent to disregard that allegation. A cause of action based on fraud is distinct from that founded on a mistake merely ; and it is not competent on the trial to make a substitution of the one for the other. This principle is fully established by the case of *Ross* v. *Mather*, decided by this Commission in September, 1872 (51 N. Y., 108), and was reaffirmed by it in *Burnham* v. *Walkup*, decided at the June Term, 1873. * See, also, *Degraw* v. *Elmore* (50 N. Y., 1). The case of *Lefler* v. *Field* (52 N. Y., 621), cited by the counsel of the appellants, is not in conflict with the views above presented. It was there held, "that the answer did not raise the question of fraud." Nor does the case of *Marsh* v. *Falker* (40 N. Y., 562) conflict with what has been said. That, and the case of *Lefler* v. *Field*, presented questions based on false representations, and these were held not to be sufficient for want of an averment that they were made with the intent to deceive, and of the necessary allegations to show that they were fraudulently made. In the case under review, the answer alleges not only that the omission " was *fraudulently omitted*, " but, also, that " it was *fraudulently concealed*." If those allegations do not charge fraud it is difficult to understand their meaning ; they certainly are not consistent with honesty and good faith, and fair and open, upright dealing, but on the contrary, are clearly irreconcilable with such conduct, and admit of no other construction or meaning than a charge of intentional fraud.

There was some evidence given by the plaintiff, against the exception of the defendants, tending to show that the goods included in the inventory were not worth the prices at which they were entered. It could not have operated to their prejudice, in view of the questions submitted to the jury and their finding thereon.

It appears that an exception was taken on behalf of the defendants, when the plaintiff rested, to the refusal of the court to dismiss the plaintiff's complaint, on the ground that

* 54 N. Y., 656.

it appeared that the claim had never been assigned by Benne and Brown or Mr. Fish to the plaintiff. The appellants have not presented the question by their points. It might, therefore, be assumed that the exception is waived, but I have, however, examined it, and do not think that the ground was justified by the testimony. I find, moreover, that the court, in answer to a request of the defendants' counsel, instructed the jury as follows: " That the plaintiff cannot recover anything in this action, whatever may be the finding of the jury as to the counter-claim, unless the jury find that Benne and Brown and Fish assigned their interest in this claim to the plaintiff." This is based on the assumption or concession that there was proof for the consideration of the jury, by which they were to determine and find on the fact. Their verdict shows that they found that such assignment had been made. The exception can, therefore, not be available as a ground ·for the reversal of the judgment. It must, consequently, be affirmed with costs.

All concur.

Judgment affirmed,