## Case No. 17,066.

### WALKER et al. v. BYRNES et al.

[14 Blatchf. 347.][1]

Circuit Court, N. D. New York. Nov. 12, 1877.

ACTION FOR FRAUDULENT REPRESENTATIONS—SALE.

Where a declaration sets forth as the cause of action fraudulent representations made to induce, and which did induce, a sale of goods on credit, the averments of fraud will not be stricken out, on the motion of the defendant, so as to make the action only one of assumpsit for goods sold and delivered.

[This was an action by Joseph H. Walker and others against John H. Byrnes and others.]

Martin W. Cooke, for plaintiffs.
D. C. Feeley, for defendants.

WALLACE, District Judge. The defendants move to strike out, as redundant and irrelevant matter, various allegations in the declaration, which, in substance, set forth fraud and deceit in the purchase of goods by the defendants from the plaintiffs, on credit, the defendants insisting that the cause of action is for goods sold and delivered, that a recovery can be had in the action without proof of fraud or deceit, and, therefore, that the allegations in question have properly no

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

place in the declaration. No question is made as to the form and sufficiency of the averments of fraud, but the sole ground taken is, that the allegations of facts which merely show the right to arrest the defendants, are not constitutive of a cause of action, and are not traversable by answer. Various decisions of the state courts are cited, which sustain the views of the defendants' counsel, but the weight of authority, in my view, is on the other side. It will not be profitable to review the cases at length. The following are among those which hold that the fraud is the gist of the action, and that no recovery can be had without proving it. Ross v. Mather, 51 N. Y. 108; Burnham v. Walkup, 54 N. Y. 656; Dudley v. Scranton, 57 N. Y. 424; Elwood v. Gardner, 45 N. Y. 349. An action for the price of goods sold is substantially different from an action for a fraudulent representation, and the circumstances that the fraudulent representation was made to induce, and did induce, a sale of goods on credit, does not change the cause of action from one in fraud to one in assumpsit. If the plaintiff chooses to ground his action upon the fraud, and thereby seek for a judgment which will authorize the imprisonment of the defendant, and which cannot be affected by a discharge of the defendant in bankruptcy, he must prove the representations and the scienter, or fail in the action. The averments of fraud in the declaration are vital to the cause of action, and the motion to strike them out is denied.