### ALLEN *v.* ALLEN *et al.*

*(Supreme Court, Special Term, Rensselaer County. August, 1888.)*

ACTIONS—FORM—EX DELICTO—TROVER AND CONVERSION—BY BAILEE.

A complaint alleging that a gratuitous bailee of a negotiable note, and his co-defendants, wrongfully, fraudulently, and without the knowledge or consent of plaintiff, the payee and owner of the note, indorsed his name thereon, negotiated it, and converted the proceeds to their own use, to plaintiff's damage, for which he demands judgment, states a cause of action in tort, and can be sustained only by proof of fraudulent conversion, the complaint not containing a waiver of the tort.

On motion for new trial, upon the minutes.

Action by James Allen against Michael Allen, John J. Allen, and James H. Allen, for the wrongful conversion of a negotiable note. Verdict for defendants.

*R. A. Parmenter,* for plaintiff.     *Henry A. Merritt,* for defendants.

MAYHAM, J.  The complaint in this action alleges that plaintiff loaned to Fitzgerald Bros. $1,500 and took their note for the same, dated February 27 1885; that plaintiff was illiterate, and that the defendant James H. Allen, plaintiff's nephew, took said note to keep for the plaintiff, and for no other purpose, and that he never became the owner or holder of said note, paid nothing therefor, and never purchased said note, and was never authorized by plaintiff to dispose of said note or negotiate the same, or procure it to be discounted for himself or the plaintiff.  Nor did the defendants, jointly or severally, have any authority from the plaintiff to negotiate the same.  The second and third counts of the plaintiff's complaint allege that the defendant John H. Allen, with the knowledge and consent of the plaintiff, procured two payments on said note before the maturity thereof, one of $200, which was indorsed upon the same, and one for $300, which was not indorsed on the note, but which, at the time of receiving the same, the defendant James H. Allen agreed to indorse on the same, such last mentioned payment being in the note of Fitzgerald Bros., payable to the order of James Allen; that thereafter the name of James Allen was written upon the back of said $300 note, and the same was discounted for the use and benefit of Allen Bros., although said note was held in trust for the plaintiff, to the knowledge of each of the defendants, and that the said $300 note was paid by the makers at maturity; all of which was admitted by the answer.  The complaint also alleged that the plaintiff never indorsed the $1,500 note, nor authorized any other person to indorse his name thereon, but that without authority therefor, and in violation of said trust, while said note was being held as aforesaid, the same was indorsed by Allen Bros., and by the other defendant, the father of said Allen Bros., and the name of the plaintiff written under the indorsement of Allen Bros. by some unknown person, without the authority of the plaintiff, and the said Michael Allen, with knowledge and notice of the unauthorized indorsement of the plaintiff's name on said note, procured the same to be discounted at the Manufacturers' National Bank of Troy, and the proceeds thereof paid by said bank to Michael Allen in taking up or paying notes of Michael Allen and John J. Allen and James H. Allen, held by said bank, on which Michael Allen was charged as indorser; that at the time of negotiating said $1,500 note the defendants had knowledge and notice that said note was the property of the plaintiff, and had been received by the defendant James H. Allen in trust, to be held by him for the benefit of the plaintiff, and that said defendants wrongfully and fraudulently diverted said note and appropriated to their own use and benefit the proceeds thereof received from said bank; that the makers of said $1,500 note paid the same at maturity to said bank. The complaint then charges that by reason of the wrongful acts alleged the plaintiff was damaged to the amount of $1,300, and demands judgment for that amount, with interest.  The allegation of the indorsement without authority, and the appropriation of the proceeds wrongfully and without authority, is denied by the answer.  On the trial the question whether the defendants had fraudulently and wrongfully appropriated this note and converted the proceeds to their own use was submitted to the jury, and they rendered a verdict for the defendants.

Upon the facts stated in the complaint and conceded in the answer a liability in favor of the plaintiff and against all of the defendants for the amount of $1,300 in a proper action is clearly established.  The defendants had manifestly received and applied in payment of their own debts $1,300 of money belonging to the plaintiff, no part of which had ever been paid to him, nor is there any pretense that it was a valid gift to the defendants from the plaintiff, or that either party to the transaction regarded it as such.  Upon the transaction alone the law would raise an implied *assumpsit,* and the defend-

ants would be charged with an implied agreement to pay the plaintiff the sum received from him, with interest. If, therefore, the gist of this action, as stated in the complaint, is simply and solely on contract expressed or implied for recovery of $1,300, then the plaintiff should have recovered in this action, and the verdict is erroneous, and should be set aside, both for misdirection of the judge and as against the evidence. If, on the contrary, the complaint was one sounding in tort, and the *gravamen* of the action was the wrongful conversion of the note, then the direction of the judge was correct, and the verdict would, upon the question of wrongful conversion, be sustained by the evidence. The charges in this complaint, stripped of verbiage which in some degree relates to extrinsic matters, not necessarily affecting the cause of action, are: *First.* That one of these defendants took this note to hold for the plaintiff, and for no other purpose. *Second.* That without the knowledge or consent of the plaintiff, and before the maturity of the note, the defendants, or some one of them, indorsed, or caused the plaintiff's name to be indorsed, upon the note. *Third.* That thereupon the defendants, or one of them, fraudulently and wrongfully, and without the knowledge and consent of the plaintiff, had said note discounted at the bank and converted the same to the use of the defendants, in paying the notes of the defendant held by said bank. *Fourth.* That by reason of said wrongful acts the plaintiff was subject to loss and damage to the amount of $1,300. *Fifth.* Demands judgment for that amount, with interest.

Did this complaint contain a cause of action *ex contractu*, or was it in form and substance a complaint sounding in tort, and alleging a cause of action *ex delicto?* In determining the answer to these questions the whole complaint should be taken together, and its character tested by the relief to which the plaintiff would be entitled on final process by execution. By subdivision 2 of section 549 of the Code of Civil Procedure a defendant may be arrested "for wrongful taking, detention, or conversion of personal property," and by subdivision 1 of section 1487 an execution against the person of the judgment debtor may be issued upon a judgment "when the plaintiff's right to arrest the defendant depends upon the nature of the action." Taking the allegations of the complaint as true, as we must, in determining whether the defendant could be arrested on execution if the plaintiff had recovered in this action, it would seem to follow that an execution could issue against the person of the defendant if the plaintiff had recovered in this action. The complaint charged the wrongful detention and conversion of this note and the proceeds of the same. The judgment would have shown upon the face of the record from the complaint in the judgment roll that "the said defendants wrongfully and fraudulently diverted said note, and appropriated to their own use and benefit the proceeds thereof;" "that the defendants, by reason of the wrongful act by them done, subjected the plaintiff to loss and damage" to the amount of the value of said note. These facts would have been established by the verdict and judgment thereon, if the plaintiff had recovered, and upon such record an execution against the defendant's person might properly issue. This case differs from the case *Segelken* v. *Meyer*, 94 N. Y. 473, referred to by the learned counsel for the plaintiff. That was an action brought by the guardian *ad litem* of an infant against the attorney of the general guardian, who had received the money due the infant, the amount of which had been liquidated on an accounting between the attorney and general guardian, and the amount found due from him to the general guardian and next of kin. This amount had been demanded, and the defendant had neglected to pay the same over, and it was held that the action was one *ex contractu*, and not *ex delicto*, and that, as no order of arrest had been obtained, judgment would not justify the defendant's arrest on execution, and the court say, "in this case it was apparent that the action was *ex contractu* for money had and received for the use of the plaintiff." It was a liability for money, which could be paid in money, and did

not require that the specific money originally received should be returned. In the case at bar the conversion alleged was of a specific chattel. In the case above cited the court say: "It can hardly be doubted that an action for damages for the conversion by such a person would, under the provisions of section 549, be of such a nature as to entitle the plaintiff, if successful, to an execution against the person without any previous order of arrest, and that it would be necessary to prove the conversion in order to maintain the action." In *Neftel* v. *Lightstone*, 77 N. Y. 96, the complaint alleges the delivery of checks to the defendant upon an agreement to return the same, and that the defendant failed to return the same according to the agreement, and wrongfully converted the same to his own use. Held, that a motion to nonsuit the plaintiff because the proof failed to show a fraudulent conversion was properly denied, and that the plaintiff could recover, their value then being a question of fact as to the nature of the agreement, submitted to the jury. This case at first blush seems to go a great way towards establishing the doctrine contended for by the plaintiff on this motion, but on a close examination it will be seen that the case was tried upon the dispute as to the nature of the contract under which the defendant received the checks. On the whole, I am unable to find any case which holds that when the complaint charges a wrongful conversion of personal property, and issue is taken on that allegation, that it can be disregarded, and a recovery had for the value of the property without proof of a conversion. If I am right in my conclusion that the complaint sets forth a cause of action sounding in tort, then no recovery could be had on the implied *assumpsit*, unless the tort was expressly waived. This doctrine seems well settled in *People* v. *Denison*, 19 Hun, 147, and cases there cited. In this case the court at general term put and answered this pertinent inquiry: "Can, then, a plaintiff sue in fraud (tort) and recover on contract? The contrary has been distinctly held;" citing *Barnes* v. *Quigley*, 59 N. Y. 265; *Dudley* v. *Scranton*, 57 N. Y. 428; *Ross* v. *Mather*, 51 N. Y. 110; *Degraw* v. *Elmore*, 50 N. Y. 1. If the complaint sounded in tort, therefore, it was not error for the court to charge that the jury must find a conversion before the plaintiff could recover under the complaint. Upon the question whether or not there was a conversion of this note, there was sufficient evidence of the plaintiff's consent to the use of the note by the defendants to uphold the verdict. The motion for a new trial upon the minutes is therefore denied.