(15 Misc. Rep. 167.)     FROST v. FROST.

(Onondaga County Court. December, 1895.)

1. JUDGMENT AGAINST INFANTS—FAILURE TO APPOINT GUARDIAN AD LITEM.
  A judgment rendered in the justice court against an infant defendant for whom no guardian ad litem has been appointed will be reversed on appeal to the county court, though defendant appeared on return day of the summons and joined issue, but did not raise the objection of infancy.
2. SAME—MODE OF RAISING QUESTION—APPEAL.
  The objection that a judgment against an infant was rendered without appointing a guardian ad litem may be raised on appeal from the judgment.

Appeal from justice court.

Action by H. Walter Frost against Helen F. Frost. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

William Gilbert, for appellant.
James E. Newell, for respondent.

ROSS, J. Appeal from a judgment rendered on the 2d day of October, 1895, in favor of the plaintiff and against the defendant by J. J. Kennelly, justice of the peace. The defendant appeared on the return day before the justice, and joined issue, but did not appear on the day to which the case was adjourned, and the plaintiff made proof, and the justice rendered the judgment as above. The defendant and appellant alleges as error in fact that the defendant was at the time of the trial, and is, an infant; and as no guardian ad litem was appointed in the court below, the judgment is irregular, and for this reason must be reversed. It appears from the affidavits used on behalf of the defendant that her contention as to her age is correct, although the plaintiff acted in this respect in good faith. No suggestion of the fact of infancy was made by the defendant or her attorney when they appeared before the justice. The failure to appoint a guardian ad litem for the infant defendant was an irregularity for which the judgment should be reversed. It is termed in some cases to be more than an irregularity,—to be an error, in fact,—but the better law seems to be that it is an irregularity for which the judgment must be reversed if properly and timely pre-

sented.   McMurray v. McMurray, 66 N. Y. 175;   Crouter v. Crouter, 133 N. Y. 56, 63, 30 N. E. 726; McMurray v. McMurray, 60 Barb. 121, 124; Harvey v. Large, 51 Barb. 222; Fairweather v. Satterly, 7 Rob. (N. Y.) 546; Mockey v. Grey, 2 Johns. 192; Alderman v. Tirrell, 8 Johns. 418; De Witt v. Post, 11 Johns. 460; Arnold v. Sandford, 14 Johns. 417.

It is a question of some difficulty whether the defendant is in a position to raise the question upon appeal until she has obtained the appointment of the guardian ad litem to represent her in this court. In Kellog v. Klock, 2 Code Rep. 29, an action in a court of record, the defendant procured the appointment of a special guardian before applying to set the judgment aside.   In Fairweather v. Satterly, 7 Rob. (N. Y.) 547, also an action in a court of record, a guardian ad litem was appointed subsequent to the judgment; but in all the other cases I have examined wherein error was alleged in obtaining judgment without the appointment of the guardian ad litem, the appeal or other method of review seems to have been directly presented by the infant.   I know of no provision relative to appeals from justices' judgments authorizing the appointment of a guardian ad litem subsequent to judgment.   Certainly there are no provisions in justice's court, and there the appeal must be taken before the county court would have any authority to act.   It would also seem to be analogous to the case of one improperly served with process as being inveigled into the jurisdiction of the court, or otherwise improperly brought into court, appearing to set aside the summons.   The appellant says, as emphatically as possible, "I am improperly in court, and I am trying to get out as speedily as possible.   It doesn't lie with you who brought me into court to say that I am not here at least for the purpose of setting this judgment aside."   It also seems that an appeal is the only remedy presented.   See Jessurun v. Mackie, 24 Hun, 624.   And the fact, if conceded, that the judgment is void, does not prevent an appeal.   Striker v. Mott, 6 Wend. 465.

The hardship in this case upon the plaintiff is manifest.   Without fault on his part, the defendant, who was in possession of the facts relative to her age, remained silent, and so conducted herself as to practically entrap the plaintiff into the position where he now finds himself.   But the injustice and hardship caused by the conduct of the defendant here is not as great as in the case of Gosling v. Acker, 2 Hill, 391, 396.   The courts must sustain the provisions relative to the protection of infants, however great a hardship in a special case; otherwise we might as well wipe out the entire statutory-protection for these wards of the court.

Judgment must be reversed.