tinue the business. Nevertheless it does not appear that he met with any loss during the two months he remained in occupancy.

Unless the plaintiff will stipulate to reduce the amount of recovery to the sum of $750, the judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event. If such stipulation is made, judgment affirmed, as modified, without costs to either party. All concur.

---

(51 Misc. Rep. 666.)

McGARITY v. NEW YORK CITY RY. CO. (three cases).

(Supreme Court, Appellate Term. November 14, 1906.)

INFANTS—ACTIONS—ATTAINMENT OF MAJORITY PENDING ACTION.

The fact that it appeared on cross-examination of plaintiff that he was a minor when the action was commenced, but had reached his majority before trial, was no ground for dismissing the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, § 253.]

Appeals from Municipal Court, Borough of Manhattan, Eleventh District.

Actions by John McGarity against the New York City Railway Company. From a judgment in each case in favor of defendant, plaintiff appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Harcourt Bull, for appellant.

A. C. Charles, for respondent.

DOWLING, J. At the time these actions were commenced the plaintiff was a minor. Before the day of trial he had become of full age. This latter fact appeared upon the cross-examination, and the defendant thereupon amended its answers by setting up want of capacity in plaintiff to sue, and moved to dismiss the complaints, which was granted. This was error. The omission to appoint a guardian for an infant plaintiff is at most an irregularity, and does not affect the jurisdiction of the court. Goodfriend v. Robins (Sup.) 92 N. Y. Supp. 240; Rima v. Rossie Iron Works, 120 N. Y. 433, 24 N. E. 940. The plaintiff having arrived at full age before the time of trial, the action should not have been dismissed. Smart v. Haring, 14 Hun, 276; Sims v. N. Y. College, 35 Hun, 344.

Judgments reversed, and new trials ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs; DUGRO, J., taking no part.