ISAAC COWAN, Respondent, v. WALTER GANUNG, Appellant.

(County Court, Schuyler County, February, 1908.)

Infants — Actions by and against infants — Appearance — Consent of guardian ad litem.

A judgment rendered in justice's court against an infant defendant for whom, over objection, a guardian *ad litem*, who had not filed his written consent to act, had been appointed after the case had been called for trial, must be reversed on appeal.

APPEAL from a judgment of a justice of the peace. The opinion states the case.

Waldo F. Bishop, for appellant.

Seaman F. Northrup, for respondent.

NYE, J. This is an appeal brought from a judgment rendered August 2, 1907, by a justice of the peace of the town of Dix, in favor of the plaintiff and against the defendant, for thirty-five dollars damages and six dollars costs.

The action was brought to recover damages for the alleged false and fraudulent representation of the defendant, an infant, to the plaintiff, upon the sale of a horse.

The plaintiff alleges in his complaint " that, on or about the 24th day of June, 1907, the defendant came to the plaintiff and did offer to sell to the plaintiff a certain horse and did falsely, fraudulently and knowingly represent to the plaintiff that said horse had not been given any medicine or poison and had not been doctored for the disease commonly known as heaves, or any other disease, and did state to the plaintiff that said horse was in his natural condition, not

being doped and just as he had been brought from the pasture, which statement and representations were false and untrue and fraudulently made with the intent to deceive and defraud the plaintiff and did deceive and defraud the plaintiff out of the sum of $35, which defendant procured by means of said representations, that said plaintiff took and received the horse from said defendant and took care of the same and that said horse had been poisoned to the knowledge of the defendant before the sale made to the plaintiff, to wit: Had been given lead in the form known as shot and did die of lead poisoning * * *."

The defendant by his answer admitted the sale of the horse and alleges that at all of the times mentioned in the plaintiff's complaint the defendant was and now is an infant under the age of twenty-one years; and for a further answer the defendant denies each and every allegation in the plaintiff's complaint contained, except the allegation that the parties are residents of the town of Dix.

It appears from the return of the justice, that issue was joined on the 22d day of July, 1907, at which time each of the parties appeared by counsel, complaint and answer were filed and case adjourned to July 29, 1907, at nine o'clock a. m., for trial; that, on the 29th day of July, 1907, after the case had been called for trial, the justice made the following entry upon his minutes: " The defendant in this case, the court appoints a guardian for him; the court appoints Frank Ganung; the defendant objects to any appointment at this time and defendant's attorney asks that the appointment be denied."

It does not appear that Frank Ganung consented to act as guardian *ad litem.* No written consent is attached to or made a part of the return. It does appear from the evidence that the defendant is an infant of the age of nineteen years.

Section 2888 of the Code of Civil Procedure provides that, "After the service and return of a summons against an infant defendant, no other proceedings shall be taken in the action, until a person has been appointed to appear as his guardian for the purpose of the action. Upon the nomination of the defendant, the justice must appoint a proper per-

son for that purpose. If the defendant does not appear upon the return of the summons, or if he neglects or refuses to nominate, the justice may, on the application of the plaintiff, appoint any proper person as his guardian. The written consent of the person, so appointed, must be filed with the justice before his appointment. The guardian so appointed is not responsible for any costs."

In Harvey v. Large, 51 Barb. 222, the court says: "After the service and return of process against an infant defendant, the suit shall not be any further prosecuted, until a guardian of such infant be appointed (2 R. S. 232, Sec. 41, 42)."

"The justice has no right to receive the complaint of the plaintiff, or the answer of the infant defendant. The first proceeding after the return of the process, is the appointment of a guardian. If the infant does not apply for such appointment, the plaintiff should apply, and see to it that a guardian is properly appointed."

In Mockey v. Grey, 2 Johns. 192, the judgment was reversed upon the sole ground that the infant defendant appeared by attorney and not by guardian. It does not appear that there was at that time any statute upon the subject. The court says: "It is error in all other courts, for an infant to appear by attorney. There is no reason why the same rule should not apply to a justice's court."

The provision of the statute above quoted, " after the service and return of process against an infant defendant, the suit shall not be any further prosecuted until a guardian of such infant be appointed," is nearly identical with that part of section 2888 of the Code of Civil Procedure which reads as follows: "After the service and return of a summons against an infant defendant, no other proceeding shall be taken in the action, until a person has been appointed to appear as his guardian for the purpose of the action."

Section 2888 of the Code of Civil Procedure also provides that, " The written consent of the person, so appointed, must be filed with the justice before his appointment."

A judgment rendered in justice's court against an infant defendant for whom no guardian *ad litem* has been appointed

will be reversed on appeal to the County Court, though defendant appeared on return day of the summons, joined issue, but did not raise the objection of infancy. Frost v. Frost, 15 Misc. Rep. 167.

In Frost v. Frost, 15 Misc. Rep. 167, the court says: " The failure to appoint a guardian *ad litem* for the infant defendant was an irregularity for which the judgment should be reversed.

" It is termed in some cases to be more than an irregularity, to be an error in fact, but the better law seems to be that it is an irregularity for which the judgment may be reversed if properly and timely presented. McMurray v. McMurray, 66 N. Y. 175; Crouter v. Crouter, 133 id. 56; McMurray v. McMurray, 60 Barb. 121."

In the case at bar the gravamen of the plaintiff's complaint consists of the statements therein of the wrongful acts of the defendant.

In an action for a false warranty in the sale of a horse, where the complaint contains all the elements of a complaint for fraud, it is necessary to prove *scienter* on the part of the seller. Proof of warranty is not sufficient. Ross v. Mather, 51 N. Y. 108.

In People v. Denison, 19 Hun, 147, the court at General Term put and answered this pertinent inquiry: " Can then a plaintiff sue in fraud (tort) and recover on contract? The contrary has been distinctly held, citing Bowers v. Quigley, 59 N. Y. 265; Dudley v. Scranton, 57 N. Y. 428."

While justice's court judgments are to be sustained by every reasonable and warrantable intendment, and an appellate court will not encourage appeals from judgments of justices of the peace where there has been a trivial error committed and substantial justice has been done between the parties, the evidence in the case at bar fails to establish the allegation of false and fraudulent representations on the part of the defendant, fails to establish the allegation that the horse in question had been poisoned to the knowledge of the defendant and that said horse did die of lead poisoning.

It appears from the testimony of the plaintiff that, on the 24th day of June, 1907, he purchased of the defendant a bay

gelding horse; that the horse was all right with the exception that he had the heaves; that, at the time he purchased the horse, the defendant told him that the horse was all right with the exception of the heaves; that he worked the horse and that eight days after the plaintiff purchased said horse he died; that a quantity of shot was found in the stomach. Dr. Fordham, the veterinary who treated the horse, testified that he treated him for colic; that he pawed and had no passage of the bowels. It does not appear from the testimony of the veterinary that the horse died of lead poisoning, and, while it may be inferred that the shot which was found in the stomach was the cause of death, it does not appear that the shot was given to the horse by the defendant or that the defendant had any knowledge that shot had been given to the horse; upon the contrary, it appears from the testimony of the defendant that he did not give the horse shot and did not know of any other person doing so.

Judgment reversed with costs.