### WINTERROTH et al. v. COX.

(Supreme Court, Appellate Term. February 8, 1912.)

1. INFANTS (§ 78*)—ACTIONS—GUARDIAN AD LITEM.

 Under Municipal Court Act (Laws 1902, c. 580) § 41, subd. 2, providing that, after the service and return of a summons against an infant defendant, no other proceeding should be taken until the guardian ad litem has been appointed, the failure to appoint a guardian ad litem is an irregularity for which a judgment must be reversed, when timely objection is taken.

 [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–207, 209; Dec. Dig. § 78.*]

2. INFANTS (§ 78*)—ACTIONS—GUARDIAN AD LITEM—MUNICIPAL COURT—JURISDICTION.

 The failure to appoint a guardian ad litem for an infant defendant, in accordance with Municipal Court Act (Laws 1902, c. 580) § 41, subd. 2, is not such an irregularity as to deprive that court of jurisdiction to proceed with the action.

 [Ed. Note.—For other cases, see Infants, Dec. Dig. § 78.*]

3. INFANTS (§ 115*)—ACTION—GUARDIAN AD LITEM—APPEAL.

 Where, on an appeal from a judgment of the Municipal Court against an infant for whom no guardian ad litem had been appointed, a return is made to the Appellate Term, that court should appoint a guardian ad litem before reversing the judgment.

 [Ed. Note.—For other cases, see Infants, Cent. Dig. § 327; Dec. Dig. § 115.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Emil J. Winterroth and Valentine J. Faeth, doing business under the name of Winterroth & Co., against Cornelius Cox. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Isidor E. Schlesinger, for appellant.

November & Jaffe (Kevie Jaffe, of counsel), for respondents.

SEABURY, J. The defendant, an infant, appeals from a judgment rendered against him. The ground upon which reversal is sought is that no guardian ad litem has been appointed for the defendant.

[1, 2] Section 41, subd. 2, of the Municipal Court Act, provides that:

"After the service and return of a summons against an infant defendant no other proceedings shall be taken in the action, until a person has been appointed to appear as his guardian for the purpose of the action."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No guardian ad litem having been appointed, it is evident that the judgment was rendered in plain disregard of the statute. The failure to appoint a guardian for an infant defendant is an irregularity for which the judgment must be reversed, when timely objection is taken. McMurray v. McMurray, 66 N. Y. 175; McGarity v. N. Y. City Railway Company, 51 Misc. Rep. 666, 101 N. Y. Supp. 191. This irregularity did not deprive the court of jurisdiction. McGarity v. New York City Railway Company, supra.

[3] The infant defendant is now before the court urging objections to the judgment rendered against him. Under these circumstances, a return having been made by the court below, we think it is the duty of this court to appoint a guardian ad litem. It is true that in Frost v. Frost, 15 Misc. Rep. 167, 37 N. Y. Supp. 18, the County Court did not pursue this practice. The propriety of the practice suggested has, however, been approved in Moody v. Gleason, 7 Cow. 482, and in Fish v. Ferris, 3 E. D. Smith, 567. In Fish v. Ferris, supra, Ingraham, J., said:

"After the return is made, and further proceedings become necessary, there then should be a guardian appointed. The cause is then pending in this court, and the respondent is an infant, who can appear in no other way, and against whom no judgment would be valid without such appointment. * * * If it is proper to make the appointment on the request of the infant, it is equally so for the plaintiff, if the infant neglects to make the application."

We think that this case suggests the orderly and proper practice which should be pursued. An order will therefore be entered appointing a guardian ad litem for the infant defendant, said order to be entered nunc pro tunc as of the date when the return was filed in this court, and the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

