STERN et al. v. RECHNITZ et al.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

INFANTS ☞110—ACTIONS AGAINST—GUARDIAN AD LITEM—NECESSITY.
Where a default judgment was taken against a firm of infants, over their objection that no guardian ad litem had been appointed, an order opening the default, after the appointment of a guardian on condition that they pay the amount of the judgment into court, was erroneous, and must be reversed, as the judgment should have been vacated and the default opened without terms.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 314; Dec. Dig. ☞110.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by S. Sidney Stern and Abraham Stern, copartners, against Joseph Rechnitz and Samuel Rechnitz, copartners. Judgment by default for plaintiffs. From an order denying their motion to open the default, defendants appeal. Order reversed, default opened, judgment vacated, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Alexander Sachs, of Brooklyn, for appellants.
Samuel Plumer, of New York City, for respondents.

COHALAN, J. Upon the return day of the summons herein, the defendants, asserting infancy, applied to the court for time to procure the appointment of a guardian ad litem. This request was denied, an inquest was taken, and a judgment was thereupon rendered in favor of the plaintiffs.

The defendants later moved to open the default and for the appointment of a guardian ad litem. Upon that application the defendants stated that at the time the cause of action arose they were infants, and in this they were supported by the affidavit of their mother. The mother was appointed guardian ad litem, and the motion to open the default was granted, upon condition that the defendants should pay, on or before January 8, 1915, the amount of the judgment into court; otherwise, the motion should be denied.

In the case of Winterroth v. Cox, 75 Misc. Rep. 467, 133 N. Y. Supp. 445, this court held that while the failure to appoint a guardian ad litem was a mere irregularity, which did not deprive the court of jurisdiction, yet the judgment must be reversed if timely objection had been taken. It follows in the case at bar that the judgment taken before

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

the appointment of a guardian ad litem should have been vacated, and the default opened without terms.

Order reversed, default opened, judgment vacated, and new trial ordered, with costs to appellants to abide the event.   All concur.